WINDHAM,
February,
1838.

LYMAN ALBEE *v.* PARLEY FAIRBANKS.

If one of two joint owners of property put the property to his own use or sell it, he is not, on that account, liable to be sued by the other for his share, in the action of book account.

But if this grows out of a joint transaction, and *quasi* partnership, the partner, entitled to redress, must seek it by some course, which may bring the whole concern to a settlement, and for this purpose book account is never the appropriate remedy, but account, where only *two parties* are concerned.

THIS was an action of book account, commenced before a justice of the peace, and came to the county court by appeal. Judgment to account having been rendered, auditors were appointed, who reported a balance in favor of the plaintiff.

It appeared from the report of the auditors, that in the spring of the year 1835, the defendant leased to the plaintiff a farm lying in Wardsboro, for one year, together with certain stock, which the defendant was to put upon the farm ; that the defendant was also to furnish certain other stock, and the said parties were to share equally in the produce of the farm and in the growth and produce of the stock, and that from said contract, the subsequent dealings between the parties originated ; that most of the plaintiff's account was for produce of said farm received by the defendant over and above his share, and for matters connected with said contract, relating to said farm and stock, and that most of the defendant's account was of the same character, though there were items in each account which were not connected with said contract ; that the defendant objected, before the auditors, to the form of this action, contending that the action should have been *account* and not *book account* ; that the auditors overruled the objection subject to the opinion of the county court, and allowed the plaintiff for articles received by the defendant, over and above his share of the common property. If the county court should be of the opinion that the defendant's objection to the form of action should be sustained, as touching the items of account, as aforesaid, then the auditors found nothing for their adjustment but the defendant's cost.

The county court accepted said report and rendered a judgment thereon for the plaintiff, and the defendant excepted.

*R. M. Field,* for defendant.

The report shows that the parties were *tenants in common,* of stock and the produce of a farm, and that the defendant

had received more than his just share of the common property.

The defendant objected before the auditors, that the action of book debt was inappropriate to the plaintiff's case. The auditors reserved that question for the decision of the county court, and reported, that if the objection were well taken, the defendant ought to have judgment for his costs.

The defendant now insists on his objection, and contends, that the plaintiff's only remedy, at law, is *account*. See statute of Vermont, 142. 3 Bac. Abr. 219. 1 Chit. Pl. 44.

If it be said on the other side, that *some* of the items are proper charges on book, the answer is, that the report expressly shows that all the dealings grew out of the tenancy in common, and ought to be adjusted in the general balance.

*Keyes & Bradley*, and *J. Roberts*, for plaintiff.

I. *The action of account would not lie.*

1. The parties were not partners—their situation was that of lessor and lessee.

2. They were not joint tenants, nor tenants in common. They had no community of interest, but the separate interest of each was defined by the contract.

3. But if tenants in common, the relation of bailor and bailiff did not exist between them. It was only by stat. 4 and 5 Anne that this action ever lay between joint tenants, and tenants in common. Our statute is only a copy of the statute of Anne. If the statute is relied upon to support the action of *account*, it must be shown that the parties are within its provisions—that they are, in fact, tenants in common, and that the relation and privity of bailor and bailiff exist between them.

4. If any such relation can be discovered between these parties, Fairbanks is the bailor, and Albee bailiff. But the bailiff can never have *account* against his bailor for any overplus paid him. Such overplus must be the subject of the common actions of money paid, had and received, &c. Viner's Abr. 144. Where the bailment is all on one side, the bailee cannot charge the bailor as bailee. In the case of partners and joint tenants, &c., the rule is reciprocal.

5. Again, if any title to the thing rests in the bailee, the item cannot be recovered in this action, for the accounting is taken upon the plan of treating all the property as belonging to the plaintiff. *May v. Williams*, 3 Vt. R 244.

WINDHAM,
February,
1838.

Albee
v.
Fairbanks.

II. If the action of account *might* have been sustained, it does not follow that it is the only remedy. Anciently almost all rights which are made the subject of the common counts were enforced by *account*. But at present, this action is become nearly obsolete, and especially in this state, where the book action is adopted. Adopting the same mode of trial, there seems to be no good reason why it should ever be resorted to. 3 Vt. R. 242.

III. But most of the items of the account could not be the subject of account. They are the cases of common deal between man and man.

IV. If there are items, which are subjects of account and not book, they may be struck out on error, and the report sustained for the balance. *Sargeant* v. *Pettibone,* 1 Aik. 355.

But the defendant, having submitted to an accounting without objections on oyer, or till the account was taken, ought to be bound by it. *Campbell* v. *Wilson,* 2 Aik. R. 119. *Wright* v. *Nott,* 1 T. R. 388. *Coats* v. *West,* 2 T. R. 183.

Again, where the account is small, the court will not set aside the report, unless it is apparent that injustice has been done. *Thompson* v. *Arms,* 5 Vt. R. 548.

The opinion of the Court was delivered by

REDFIELD, J.—In this case many of the items, charged in the plaintiff's account and allowed by the auditors, are for property jointly owned by the plaintiff and defendant. They grew out of the plaintiff's " letting defendant a farm on shares, or at the halves," as it is called. The plaintiff furnished the stock, and the parties were to share equally in the produce of the farm and stock, including the growth of stock. The parties had a joint interest in the profits of the farm. It appears from the report of the auditors, that the defendant obtained more than his share of the growth and profits of the farm and stock.

The question then presented for the court to decide is, whether the plaintiff can recover in this form of action, for his share of this common property, used by defendant, without any express permission of plaintiff. The court think the action of book account is not the appropriate remedy. There can be no doubt that the defendant is liable, in some form of action, and that the usual remedy in such cases is account, at common law. The defendant may be charged as bailiff of the common goods to account for.

To hold that book account will lie, in the present case, will confound all distinction between that action and the common law action of account. This distinction has always been considered important, in this state. It was decided in *May* v. *Williams*, 3 Vt. R. 239, that two forms of action could not be joined. Clearly, then, they are not concurrent remedies, in all cases. And if not in all cases, it cannot be argued they are here. For here is no sale of the property, upon which *indebitatus assumpsit* could be sustained, but it is the simple case of one tenant in common, or joint tenant, having used the joint property, more than his share, without permission of the other, or, as in some cases, having put it wholly to his own use.

It is contended that the exception comes too late, after judgment to account. It is true, that in the action of account, at common law, the judgment to account conclusively settles the contract or relation upon which the plaintiff, in his declaration, claims the account. But in book account, it has long been settled, that the judgment to account concludes nothing. And it has recently been decided, that nothing can, in this action, be pleaded in bar, which pre-supposes that any matter of accounting ever existed between the par ties. *Delaware* v. *Staunton*, 8 Vt. R. 48.

As all the items are not of this character, the judgment of the county court must be reversed, and the report set aside, and the case referred to the same auditors.