#### FOR THE

### COUNTY OF GRAND ISLE,

#### JANUARY TERM, 1847.

PRESENT,

Hon. STEPHEN ROYCE, Chief Judge.
Hon. MILO L. BENNETT, } Assistant Judges.
Hon. HILAND HALL,

---

### James Tobias *v.* John McGregor, Jr.

Under the provisions of the Revised Statutes, which entitle a defendant, who has a demand on book against the plaintiff, to file a declaration in offset, the defendant has no right to file a declaration in the form of an action of account. The statute contemplates a declaration on book account.

If, in such case, the defendant file a declaration in account, and judgment to account is rendered, and an auditor is appointed and the case continued, the county court may nevertheless, in its discretion, at a subsequent term, sustain a motion to dismiss such declaration.

THIS was a declaration in offset, in the usual form of an action of account, filed in the county court at the April Term, 1846, at which term an action of assumpsit in favor of this defendant against this plaintiff was entered in court. The defendant entered an appearance in the action upon the docket of the court, and judgment to

15

account was rendered, an auditor was appointed, and the action was continued. At the September Term, 1846, of the county court the defendant moved to dismiss this action, for the alleged reason that the declaration was improperly filed; and the court,—BENNETT, J., presiding,—sustained the motion and dismissed the action. Exceptions by plaintiff.

*William W. White,* for plaintiff, contended, that the case came within the meaning and spirit of chapter 34 of the Revised Statutes, and that, at all events, the defendant was too late in filing his motion, and cited *Eaton* v. *Houghton,* 1 Aik. 380; *Stone* v. *Proctor,* 2 D. Ch. 108; Gould's Pl. 34, 231; 1 Chit. Pl. 441–7; 1 Saund. Pl. & Ev. 1; Washb. Dig. 579, § 83; 17 Vt. 634.

*G. Harrington,* for defendant, claimed, that the decision of the court below was within its discretion and could not be revised by this court, and cited *Probate Court* v. *Hall et al.,* 14 Vt. 159; *Ainsworth* v. *Drew,* Ib. 563; *Richards et al.* v. *Wheeler,* 2 Aik. 161.

The opinion of the court was delivered by

BENNETT, J. The eighth section of chapter thirty-four of the Revised Statutes, p. 213, provides, that if the defendant, in any action pending in the county court, shall have a demand *on book* against the plaintiff, which cannot be pleaded as an offset, he may file a declaration in such court, setting forth the nature of such demand; which is made sufficient notice to the adverse party; and the statute declares, that the same proceedings shall be had thereon, *as if the action on book had been commenced in the usual form.* The ninth section provides, that when *a declaration on book is so filed,* the court shall proceed to trial on such declaration, previous to the trial of the original declaration. The tenth and eleventh sections of the statute also speak of the filing *such declaration,*—that is, a *declaration on book.*

Our action on book is a creature of the statute; and though the proceedings in it are in an analogy to the proceedings in the common law action of account, yet it is a distinct action from that, and is not an appropriate remedy, in cases in which the action of account is brought. It has always been the practice to confine the remedy under the eighth section to a declaration appropriately in

State *v.* Goodrich.

form a declaration on book. We have no doubt, considering the different sections, that this practical construction of the statute is the sound one. No question, then, can be made, but that, if the motion to dismiss had been made at the same term of the court in which the declaration was filed, it should have prevailed.

It is however urged, that it was error in the county court to dismiss the declaration at the subsequent term, after the proceedings detailed in the bill of exceptions had been had. But we think not. In the case of *Cross et al.* v. *Haskins,* 13 Vt. 540, it was held, that a declaration filed on book, under the eighth section of chap. 34 of the Revised Statutes, was not to be regarded as a distinct entry, but simply as a pleading in the original action, and as a branch of that cause. So in this case, the declaration, which the defendant in the original action filed, must be regarded as a part of the pleadings in that suit.

The doctrine of those cases, in which it is held, that any irregularity in the process is waived by the defendant's pleading to the merits of the action, has no application to this case. It was competant for the county court, in the exercise of a sound discretion, to entertain the motion to dismiss the declaration, filed for the purpose of procuring an offset, though made at the second term, and after judgment to account. This court cannot say, that there was error in the decision of the county court on the motion to dismiss, arising out of the time, simply, when they entertained the motion; and it is clear, that the defendant had no right to file a declaration in the common law action of account, under the statute.

The result is, the judgment of the county court is affirmed,