## Benjamin F. Scott *v.* Joseph Lance.

Money collected by an attorney, upon demands left with him for collection, cannot ordinarily be recovered from him, by the creditor, in an action upon book account.  But if the parties expressly agree, that the money so received may be charged upon book, the objection will be obviated; and such agreement may also be implied from the course of dealing between the parties.

The mere *form*, in which a charge is made upon book account, is not material, in determining the right to recover therefor.

Scott v. Lance.

When property has been tortiously taken from the possession of the owner, and converted by the wrong doer directly to his own use, the owner cannot recover for such property by an action upon book account. The extent, to which the doctrine of waiving torts and sueing in assumpsit has been carried in this state, is to allow the owner of property, where it has been tortiously taken and converted into money, to maintain assumpsit for money had and received against the wrong doer.[*]

Where one hires a farm, to cultivate for a share of the produce, and, by the consent of the lessor, he converts to his own use more than his share of the joint property, before division, the lessor cannot recover therefor in an action on book account. The proper remedy is by an action of account, to adjust the whole matter of the joint interest in the letting of the farm and the products.

A claim for unliquidated damages for a breach of contract cannot be recovered in an action on book account.

A claim for the use and occupation of land cannot be recovered in an action on book account, where there has been no agreement, that it should be charged on book, and the other party has charged nothing on book, that was delivered in payment for such item.

If the excepting party prevail upon some of his exceptions, in the supreme court, and the judgment of the county court is reversed and judgment rendered, in favor of the party recovering in the county court, for a smaller sum, the excepting party will be allowed his costs of the supreme court.

BOOK ACCOUNT. Judgment to account was rendered, and an auditor was appointed, who reported the facts substantially as follows.

The plaintiff's account was allowed at $82,81. The defendant presented an account in offset, and, among other things, charged to

---

[*] In *Gallup* v. *Wallace*, in Sup. C., Windsor Co., July Adjourned Term, 1848, the action was assumpsit for money had and received, and the defendant filed a declaration on book account in offset. Upon the hearing before the auditor the plaintiff claimed to be allowed the value of a horse, which he had delivered to the defendant to sell for him in Boston, for money, but which the defendant, in violation of his directions to sell for money, had exchanged for another horse, which latter horse he had converted to his own use. THE COURT, *per* HALL, J., held, that, the defendant having converted to his own use the property delivered to him, the plaintiff was entitled to recover therefor, in an action on book account, citing *Flower Brook Manuf. Co.* v. *Buck*, 18 Vt. 240, and *Hickok et al.* v. *Stevens et al.*, Ib. 111.

the plaintiff the amount of certain notes and accounts, against different persons, which he had delivered to the plaintiff, who was an attorney, to collect. Upon these charges the auditor allowed to the defendant such sums as he found had actually been collected and received by the plaintiff. It appeared, that it had been agreed between the parties, that these sums should be accounted for upon the general dealings between them. The defendant also claimed to recover for a quantity of corn and potatoes, allowed by the auditor at $40,00, in refence to which it appeared, that in the autumn of 1841 the plaintiff hired the defendant's farm, and moved on to it, and that, by permission of the defendant, he used the corn and potatoes charged, which the defendant had left upon the premises. The defendant also claimed to recover for a quantity of manure, taken by the plaintiff, allowed by the auditor at $38,50; in reference to which it appeared, that the defendant consented, that the plaintiff might take six loads, of the amount charged, worth $3,00, from the premises hired as above stated, and the plaintiff claimed, that he had a right to take away the residue of the amount taken by him, as having been made from hay, which he purchased and brought upon the premises,—but that the defendant did not consent that he might take it. The manure, when taken, was spread about in the yard and lay in piles at the barn windows. The defendant also charged a quantity of stone, for door step and underpinning, taken by the plaintiff from the defendant's land; in reference to which it appeared, that the plaintiff purchased of the defendant about one half of the stone taken by him, and that he took the residue from the defendant's land without permission, but in consequence of a mistake as to the division line between that land and his own. The auditor found the value of all the stone taken to be $10,00. The defendant also charged, as No. 28 of his account, for the use of a pasture; in reference to which the auditor reported, that this pasture was hired by the plaintiff of the defendant, as part of the premises above mentioned, and that, as part of the contract, the plaintiff agreed to mow it, and that, if he had mowed it, it would have been worth to the defendant $7,00; and the auditor allowed the charge at that sum. The defendant also charged, as No. 32 of his account, for the use of a pasture; in reference to which it appeared, that the defendant let the pasture to the plaintiff for what it was worth for

the plaintiff's accommodation in carrying on the premises above named, and that the plaintiff used it two years,—for which the auditor allowed $6,00. The defendant also charged for one half of certain produce raised by the plaintiff upon the defendant's farm, during the two years that it was carried on by the plaintiff; in reference to which it appeared, that, by the contract between the parties, the plaintiff was to carry on the farm and pay one half of the taxes and have one half of the produce, and that the plaintiff, by the consent of the defendant, consumed more than his half of the common property,—for which excess, so used by the plaintiff, the defendant was allowed by the auditor to recover. The defendant also claimed and was allowed by the auditor for an amount paid by him for taxes on the farm, above his half. The auditor computed interest, by finding the amount of each party's account on the first of January in each year, and casting interest on that amount from that time to the June Term of the county court, 1848. The amount of the defendant's account, as allowed, exclusive of interest, was $255,98.

The county court, December Term, 1848,—POLAND, J., presiding,—accepted the report and rendered judgment thereon in favor of the defendant, for the balance due to him, as allowed by the auditor. Exceptions by plaintiff.

*C. W. Prentiss* for plaintiff.

1. The charges for money collected are not recoverable in this form of action, but in assumpsit; or account. And there are no circumstances legalizing the charges. The demands were to be collected and accounted for on settlement of all their dealings; which would include book accounts and all other matters *ex contractu.* *Farrand* v. *Gage,* 3 Vt. 326.

2. Although the corn and potatoes, left upon the premises at the time the plaintiff removed there, were taken with the defendant's permission, yet this was connected with the taking of the farm by the plaintiff, and was part of that transaction. There was a mere permissive use and appropriation, from time to time, by the plaintiff, as bailiff of the property, subject to an accounting to the defendant, when properly called upon; and account is, we contend, the only proper remedy.

Scott *v.* Lance.

3. As to the manure, the taking of all, except six loads, was a mere trespass. *Peach* v. *Mills,* 14 Vt. 371.

4. One half of the charge for the stone should be disallowed, as the taking was merely a trespass. .

5. Item No. 28 is not recoverable, as this form of action is not appropriate to recover damages for the non-performance of a contract; and item No. 32 should be disallowed, as it is a mere charge for the use and occupation of land. *Fry* v. *Shyfield,* 3 Vt. 246. Brayt. 39. *Nichols* v. *Packard,* 16 Vt. 91.

6. As to the charges for the produce of the farm, owned jointly by the parties, account is the only proper remedy. Account and book account are not always concurrent remedies; they cannot be joined in the same action. *Swift* v. *Raymond,* 11 Vt. 317. *May* v. *Williams,* 3 Vt. 239. *Bishop* v. *Doty,* 1 Vt. 37. *Albee* v. *Fairbanks,* 10 Vt. 314. *Ganaway* v. *Miller,* 15 Vt. 152. *Stedman* v. *Gassett,* 18 Vt. 346.

7. The charge for taxes is recoverable in assumpsit, or account, but not in book account.

*Peck & Colby* for defendant.

1. The report finds, that, by agreement, the plaintiff was to account, on settlement, for the money collected. The lapse of time and course of dealing between the parties also indicate, that this was to go in account; and book account has been repeatedly sustained in cases where the intention was merely inferred from the circumstances. *Hall* v. *Eaton,* 12 Vt. 510. *Case* v. *Berry,* 3 Vt. 332.

2. The auditor finds, that the plaintiff had permission to take six loads of manure, and took a much larger quantity, at the same time insisting, that he had license to take all he did take. This being so, the plaintiff cannot now defeat the defendant's recovery, upon the ground that the taking was a mere trespass. The defendant consents to waive the tort and asks compensation for the property.

3. No questions of law are raised by the facts found in reference to the corn and potatoes left upon the farm by the defendant and consumed by the plaintiff.

4. As to the produce raised upon the farm, the joint interest was severed by the consent and act of the parties; and it is not easy to assign a reason, why one joint owner of a chattel may not sell his

share to the other and recover for it on book. The objection here taken by the plaintiff was sustained in *Albee* v. *Fairbanks,* 10 Vt. 316, and upon the ground, that the property was " used without any express permission of the plaintiff,"—which is not this case.

The opinion of the court was delivered by

POLAND, J. All the questions raised in this case arise upon the account of the defendant, produced in offset to the plaintiff's account.

1. The first class of cases objected to consists of charges for money collected by the plaintiff on demands put into his hands by the defendant. It is undoubtedly true, that, when demands are placed in the hands of an attorney, or of any other person, for collection, without any agreement as to the mode of accounting therefor, so that the party must seek his remedy by the general rules of law merely, the money cannot be recovered in an action of book debt. But it is competent for the parties to agree, that moneys so received may be charged on book ; and in very many cases it has been held by this court, that matters, not strictly in themselves chargeable on book, may, not only by the express agreement of the parties, but even by an agreement implied, merely from their course of dealing, be adjusted in that form of action. From the facts reported by the auditor we are of opinion, that the parties themselves so intended. The defendant has charged the notes themselves, instead of the money received by the plaintiff; but the auditor has allowed only such as were proved to have been converted into money by the plaintiff; and it has often been decided, that the mere *form* of the charge is not material. These items were therefore correctly allowed to the defendant by the auditor.

2. The next items of the defendant's account are for corn and potatoes, which were left by the defendant on the place, when leased to the plaintiff, and which the plaintiff, by the permission of the defendant, consumed. We can see no possible objection to the allowance of these charges. They do not seem to have had any connection with the letting of the farm, as is *urged* by the plaintiff, but to have been a mere common purchase. These items were therefore correctly allowed.

3. The next items objected to are the several charges for manure

taken by the plaintiff. The auditor reports, that the defendant gave the plaintiff permission to draw away six loads of manure, and no more, and that the residue was drawn away by the plaintiff, without any consent, or permission, of the defendant, but under a pretended claim of right to the manure, as his own property, which the auditor finds to have been without any just foundation. The plaintiff's act of drawing away the manure, beyond the six loads, seems, from the facts reported, to have been a direct tort, for which the defendant's appropriate legal remedy would have been an action of trespass, or trover. It is urged by the defendant, however, that he should be permitted to waive the tort and bring assumpsit, and that the plaintiff, at least, should not complain of being called to answer for his wrongful conduct by an action *ex contractu*. But we do not understand this doctrine of waiving torts and sueing in assumpsit ever to have been carried to this extent in this state. The farthest it has gone has been, to allow the owner of property, when it has been tortiously taken and converted into money, to maintain assumpsit for money had and received, against the wrong doer; and this is founded mainly, as we think, upon the equitable ground, which is said to be the foundation of that action, " that the defendant has money in his hands, which in equity belongs to the plaintiff." To carry the doctrine to the extent claimed would abolish all distinction between actions *ex delicto* and *ex contractu*, and we do not see any necessity for so wide a departure from what we deem to be the settled law upon this subject. These items, therefore, should have been disallowed, except the six loads, which the auditor allowed at three dollars.

In connection with these items is the defendant's charge for stone; which, for the reasons above given, should have been allowed at the sum of five dollars only, as the others were taken from the defendant's land without permission from him.

4. The plaintiff also objects to several items of the defendant's account, for various articles of produce, raised upon the defendant's farm by the plaintiff, while carrying the same on for a share of the crops, upon the ground that these articles were the common and undivided property of the plaintiff and defendant, and that the defendant's remedy for an appropriation by the plaintiff of more than his share should be by an action of account at common law, and not

65

by the statute action of book account. The auditor reports, in relation to these items, that the defendant took these articles, being a part of the common and undivided products of the farm, by the plaintiff's permission. If the facts reported showed a sale of these articles in such a manner, as to work a severance of the common property, it would probably be no ground of objection to the charging them on book; but we think the facts reported do not come up to this. The plaintiff used more than his half of the joint property, by the consent of the defendant; this certainly cannot be a stronger case, than a sale of joint property by a part owner, by consent, and clearly then the action of book account would not lie. We think, that these items could only be adjusted in an action of account, to settle the whole matter of the joint interest in the letting of the farm and the products, and that to hold otherwise would be to destroy all distinction between the action of account and the book action. These items, therefore, as well as the item for cash paid on taxes, should have been disallowed to the defendant.

5. The item No. 28 was merely a claim for damages for the breach of contract to mow a piece of ground, and therefore not chargeable on book, and should have been disallowed.

6. The item No. 32, for use of pasture, was for use and occupation; and there does not appear to have been any agreement by the parties, that it might be charged on book, and no charges are presented upon the part of the plaintiff, that were received in payment for this use and ocupation, and therefore, according to several decisions reported in this state, the charge should have been disallowed.

The plaintiff's account as allowed by the auditor was   $82,81
Interest to June Term, 1848,   22,65

$105,46

The defendant's account as the same should have
been allowed by the auditor is     $153,01
Interest to June Term, 1848,     59,61 — 212,62

Balance due defendant June Term,   107,16
Interest on same since,   5,90

$113,06

The judgment of the county court was for the whole sum reported by the auditor, and this is reversed, and judgment must be entered for the defendant, on the report, for the sum of $113,06; and as the plaintiff has prevailed on some of his exceptions, he will be entitled to his costs in this court.