GEORGE W. HUBBARD *v.* EPHRAIM H. FISHER.

*Offset. Trustee and trust fund, &c.* ·

The force and validity of a judgment cannot be impeached by *parol* testimony.

And where the judgment is rendered by confession of the debtor, before a justice of the peace, the amount will make no difference, as far as the question of jurisdiction is concerned.

An offset, in this State, is not required to be liquidated, in order to be pleaded in setoff, as is the rule, at common law ; but here the plea is a mere declaration, and may cover any matter of contract, not expressly excepted, in the statute.

A trustee is entitled to retain compensation for his services as trustee, out of the trust fund, in his hands, and it is unnecessary to plead the same in offset, and it makes no difference whether the compensation of the trustee is given by express or implied contract. REDFIELD, Ch. J.

ASSUMPSIT for money had and received. The defendant pleaded the general issue, and also pleaded in offset a judgment recovered against the plaintiff, on the third day of June, 1843, before one Philip Smith, justice of the peace, for $99 86 damages and $1 95 costs. The plea in offset contained the general counts in assumpsit also.

The plaintiff replied to the general counts non assumpsit, and to the plea in offset *nul tiel record*. The case was tried by jury.

On trial, the plaintiff offered in evidence a deed from himself to the defendant, dated the 15th day of June 1843, of a certain farm in Burke, and also a deed of the same farm from the defendant to one John Clark, dated January 11, 1844. The plaintiff then offered *parol* evidence, tending to prove that at the time said deed from the plaintiff to the defendant was given, plaintiff was about to leave the country, and that it was agreed between plaintiff and defendant, that the defendant received the deed in trust for the plaintiff, and without consideration therefore paid by the defendant to the plaintiff; and that defendant should account to the plaintiff for the avails of the farm above certain incumbrances, which then were upon the farm.

That defendant sold the said farm to the said Clark, for the sum of eleven hundred dollars, and that the incumbrances then on said farm amounted to about the sum of seven hundred dollars; that after the sale of said farm the defendant admitted, that he then held in his hands, the proceeds of the farm, for the plaintiff, four hundred dollars above the charges and incumbrances thereon. The plaintiff admitted, and his evidence tended to prove, that the defendant had paid to him and his agents of the money received for said farm, at different times in 1846 and 1847, the sum of $306. The plaintiff claimed to recover the balance of the said four hundred dollars, and the interest thereon; that a demand of the same was made by plaintiff, and defendant refused to pay. The defendant objected to the admission of the evidence to prove the foregoing facts, but the court overruled the objection, to which the defendant excepted.

The defendant then offered in evidence on his part, a certified copy of the judgment referred to his plea in offset, which was objected to by the plaintiff, because it appeared that the same was rendered for a cause of action not within the jurisdiction of a justice of the peace; but the court overruled the objection and admitted the same, to which plaintiff excepted.

The defendant also read in evidence a certified copy of the note upon which the judgment was rendered, and also the execution issued thereon, which was returned unsatisfied.

The defendant offered testimony tending to prove, that at the

time plaintiff deeded said farm to him, the defendant, plaintiff's father with his family lived on the same, and continued so to do, until the spring after the defendant sold the same to said Clark, and that defendant performed some labor on said farm, and had a pair of cattle thereon most of the time.

That plaintiff's father refused to leave the said farm, and defendant was to some trouble and charges, for counsel fees for the purpose of getting him out of possession.

The court charged the jury, that the papers and records introduced by defendant, were sufficient to sustain the judgment pleaded in offset, and that defendant must be allowed the same in offset. To this part of the charge plaintiff excepted.

In relation to the claim of the defendant, under the other counts in his plea in offset, the court charged the jury, that if the services and expenditures charged were rendered by defendant under any understanding between him and plaintiff, that he was to perform the same, and retain the amount out of the proceeds of the sale of the farm, then they should allow so much as the proof sustained; but if the same were rendered, without any such understanding, then defendant could not be allowed the same in offset, as his claim would be merely an unliquidated account.

At the June Term, of the County Court, 1852,—POLAND J., presiding,— the jury returned a verdict for the plaintiff; and the exceptions of both parties as above detailed, were allowed, and the cause passed to the Supreme Court.

*Geo. C. Cahoon, E. A. Cahoon* and *H. S. Bartlett* for plaintiff.

It is a familiar principal of law, that a contract void in its inception, cannot receive validity, as between the original parties, by any subsequent act of theirs, and that courts will not lend their aid to establish or enforce a contract fraudulent *per se*, and intended to operate injuriously on the interests of *bona fide* creditors.

An objection to the supposed judgment arises from the fact, that if rendered at all, it was not by a court having competent jurisdiction.

"The recital in a deed, that the grantor has received the full consideration, is not conculsive against him." *Lazell* v. *Lazell*, 12 Vt. 443. See also *White* v. *Miller,* 22 Vt. 380. *Harwood* v. *Harwood's Estate*, 22 Vt. 507.

As to the charge of the court, to which defendant excepted, relative to unliquidated and unsettled accounts being pleaded in offset. See Comp. Stat. 283 § 4–8–9–10 and 11.

*Bartlett & Roberts* for defendant.

The principal question made by the defendant is, whether he, having accepted the trust, at the request of the plaintiff, and for his sole benefit, and been subjected to costs and expenses in the management of the same, is entitled to be reimbursed for the same; or in other words, will the law raise an implied promise in favor of the trustee? MARSHALL Ch. J., in *Ogden* v. *Saunders*, 12. Wheaton 341, says, " A great mass of human transactions depend upon implied contracts, which are not written, but grow out of the acts of the parties. In such cases, the parties are supposed to have made those stipulations, which as honest, fair, and just men, they ought to have made." See also, *Barrett et al.* v. *Joy*, 16 Mass. 221. *Rathburn* v. *Colton*, 15 Pick. 471. *Towle* v. *Mack et al.*, 2 Vt. 19.

The opinion of the court was delivered by

REDFIELD, Ch. J. The testimony offered by the plaintiff, to defeat the judgment offered in offset by the defendant, was properly rejected. It was no more, nor less, than an offer to disprove the force and validity of a judgment, by *parol* evidence. There is nothing to show, that the justice had not jurisdiction of the case, and as it was a judgment given upon confession of the debtor, the amount would make no difference.

As to the claim of the defendant for compensation for his services, in disposing of the trust property, it is no doubt true, that by the English law no compensation will be allowed, unless by express agreement, or upon peculiar grounds, to be weighed by a court of equity. At common law, the trustee can never recover, his services being regarded as strictly honorary. That is the case with counsellors, and advocates in chancery, executors, guardians, and indeed trustees generally. But that rule has never obtained in this State. All such officers are here expected to be paid, and may recover reasonable compensation, in an action of assumpsit, for work and labor, and money paid, &c. And the declaration in offset here contains all the general counts in assumpsit. And un-

Hubbard v. Fisher.

der these, the defendant might, no doubt, recover these services. And these being unliquidated, will make no difference.

An offset, in this State, is not required to be liquidated, in order to be pleaded in setoff, as is the rule at common law; but here the plea is a mere declaration, and may cover any matter of contract, not expressly excepted in the statute.

And the exception in the statute, of unsettled matters of account, extends only to matters declared for in that form. And it was never considered, as precluding the party from pursuing the matter in assumpsit, if he chose. This is obvious from the subsequent section, allowing the party to plead an unsettled book account, in offset, and have the principal action delayed, until the book account is liquidated, in the usual mode. But this only extends to a plea in the form of book account, and the most unliquidated matters have always been allowed to be declared for, in assumpsit. For the form of our offset is strictly a declaration, and not a plea, as at common law.

But I think myself, that the defendant was clearly entitled to retain compensation for his services as trustee, out of the trust fund in his hands, and that the plaintiff was only entitled to recover the balance; so that, strictly speaking, there was no more necessity for a declaration in offset, in this case, than in any case of a factor, or agent, or attorney, which has often been decided. And to me, it seems, that it can make no difference, whether the compensation of the trustee, is given by express or implied contract.

Judgment reversed, and case remanded for a new trial.

NOTE.—Our statute of setoff is different from the English statute, in many particulars. 1. In extending to all matters of contract, express or implied, liquidated or not. 2. It allows the plaintiff to reply, by way of declaration, on any matter of contract, express or implied, &c., and the jury are to find the balance. 3. Unliquidated accounts being excepted and provided for in another section, this is held to extend only to matters which the party seeks to recover in the form of "book account," as termed, and in § 8 is "demand on book," which we considered synonymous with the terms "Any sum due on account," &c., "unsettled," in § 4.