JOHN C. THOMPSON v. CHARLES H. CONGDON.

*Offset. Bailment. Contract of hire. Pleadings.*

The defendant may recover under a proper plea in offset in assumpsit for the use of a carriage including damages done to the carriage by the negligence of the plaintiff while in the use of it under a contract of hire.

The defendant's plea in offset being in the common counts only, and no objection having been made in the county court to a recovery on that ground, the objection cannot be raised in the supreme court, and the question of the defendant's right of recovery must be decided the same as if the plea had been special.

THIS was an action of assumpsit, originally brought before a justice of the peace, and came to the county court by appeal. The declaration contained the common *indebitatus* counts only, and the plaintiff's claim to recover was based upon a promissory note. The defendant pleaded *non-assumpsit*, with notice of payment, and a special plea of set-off, consisting of only the common *indebitatus* counts in assumpsit.

The defendant filed no specifications of his claim under his plea of set-off, but upon the trial before the jury introduced his original book of accounts, and claimed to have allowed to him under his plea of set-off several items charged to the plaintiff on his said book. Among other items charged, was one as follows:

"Aug. 22d. To use of carriage to Woodstock, $40 00."

To sustain this item of his account, the defendant called witnesses, and offered to prove that the plaintiff loaned or hired of the defendant the carriage in question to drive to Woodstock, Vt., and return, and that the plaintiff and one Kelly went to Woodstock with said carriage, and that while on their return, they stopped at a hotel in Stockbridge, and left the carriage, with the team attached to it, without being hitched at the door, and that the team attached to said carriage ran away and smashed one wheel of the carriage, and otherwise injured it, so that it was permanently damaged more than the amount of said charge. The

plaintiff objected to the admission of the evidence, but the same was admitted by the court, *pro forma*, to which the plaintiff excepted.

It appeared further from the testimony that the plaintiff did not let the defendant know of the injury that had been done to the carriage, but procured it to be repaired and repainted, and after keeping it for several weeks for that purpose, returned it to the defendant; and that there never was any agreement or express promise by the plaintiff to pay or allow the defendant anything for damages to said carriage. The defendant claimed to recover for the depreciation of the carriage, on account of the injury done to it by the plaintiff, while he had it to use, as for its use, and the court for the purposes of the trial so submitted that part of the case to the jury, and directed them to allow the defendant for it, in case they should find the plaintiff liable for the injury done to it, and as to the liability of the plaintiff for this damage, the court charged the jury that if they found that the plaintiff did not use the care and diligence which the law imposes upon a bailee for hire, which was correctly explained to the jury, he would be liable for the damage done to the carriage by reason of his neglect in that respect, and that the jury might allow to the defendant, under his plea of set-off, so much as would reasonably compensate the defendant for his damages to said carriage. The court further told the jury that if they allowed the defendant anything under his said plea in set-off, they should note upon their verdict the amount they allowed upon each item, that the question of law raised upon the admission of the evidence aforesaid might be revised, without putting the parties to the expense of the new trial, if the evidence should be held inadmissible. The plaintiff excepted to the decision of the court by which the liability of the plaintiff for the damage done to the carriage was submitted to the jury, and to the charge on that subject, so far as it permitted the jury to allow these damages to the defendant.

The jury returned a verdict for the plaintiff for the full amount of his note with interest. And for the defendant to recover, under his plea of set-off, among other things, the sum of $50.93, for damage done to the carriage.

The court rendered judgment for the defendant for the balance of the findings, to which the plaintiff excepted.

*Joel C. Baker,* for the plaintiff.

*M. H. Cook* and *John Prout,* for the defendant.

The opinion of the court was delivered by

PECK, J.    The general objection in the county court to the evidence offered by the defendant in support of his item for " use of carriage to Woodstock, $40," under his plea in offset, without specifying the ground. of objection, under which item the defendant recovered not only for the ordinary use but for damage to the carriage caused by the negligence of the plaintiff in the use of the carriage under the contract of hire, does not entitle the plaintiff to insist in this court that the count or plea in offset should have been *special* and not *general;* although the plaintiff excepted to the ruling of the court admitting the evidence.    The attention of the county court not having been called to any such question, it is too late to raise the question for the first time in this court.    This point is too well settled, and has been too often and too recently decided, to require or justify the spending of any time in repeating the reasons for a rule so obviously just and salutary.

The remaining question is whether the defendant's claim against the plaintiff for the use of the carriage, including damage done to it by the negligence of the plaintiff while in the use. of it under the contract of hire, can be recovered under a plea in offset in assumpsit.    This question must be decided the same as if the plea were special, setting forth the claim in its full extent specifically, the use, and the damage resulting from the negligence.    Had this defendant brought his action of assumpsit against this plaintiff for the use of the carriage under the contract of hire, it is evident that he might have included, and recovered for, the breach of the implied undertaking of the defendant to use the property with due care and prudence ; and thus avoided the necessity of two actions upon one and the same contract.    As the whole may be recovered

in an action of assumpsit, the same right exists to recover the whole under a plea in assumpsit in offset, under the liberal construction which our statute of offsets has received. The whole claim is a *liability* " *on contract express or implied,*" and that is sufficient to bring it within the statute. *Keyes* v. *West. Vt. Slate Co.*, 34 Vt., 81, is an authority to this extent, and is in harmony with the previously established practical construction of the statute. Where mutual demands exist between two parties, the right to offset one against the other under the statute does not depend on the question which party brings the suit. So far as the right to plead in offset depends on the kind of action pending, the right exists whenever the plaintiff sues " *in any action founded on contract express or implied.*" Gen. St., ch. 39, § 1. If the defendant in this case had sued this plaintiff in an action of assumpsit on his implied promise to exercise proper care and prudence in the use of the carriage under his contract of hire, to recover for the injury caused to it by the plaintiff's negligence, the action would have been " *upon a contract express or implied*;" and hence this plaintiff in such action could have pleaded his note in offset, for the recovery of which he brought this suit. If in such action this plaintiff might legally offset his demand, it follows that he having sued his demand, the defendant in this action has the same right to offset his demand against it, as the right of offset is mutual. The law does not favor a multiplicity of suits, and one of the purposes of the statute of offset is to lessen their number. It would be more nice than sensible or sound to allow the defendant to recover in this case what would be a reasonable compensation for the proper use of the carriage, and turn him over to another action to recover for the injury to it caused by the imprudence of the plaintiff in that use under the same contract of hire.

Judgment affirmed.