## DAVID C. HUDSON *v.* WILLIAM F. NUTE.

### *Conversion. Offset.*

The defendant delivered his stage horses to the plaintiff to be kept at an agreed price. There was no promise on the part of the plaintiff, express or implied, to re-deliver said horses to the defendant on demand, other than what might be implied from his agreement to keep them as aforesaid; but the defendant had a right to take them at any and all times, to use in his business, and had always done so until the plaintiff refused to permit him to do so, and detained them from him. *Held*, that such refusal and detention was a tort, and a conversion of the horses, and not the proper subject of a plea in offset.

GENERAL ASSUMPSIT to recover for the keeping of defendant's stage horses. Pleas, the general issue, and offset. Trial by the court on an agreed statement of facts, June term, 1872, Ross, J., presiding.

The defendant pleaded in offset that he delivered his four stage horses to the plaintiff, to be kept at hay and grain, at and for a certain price agreed upon between them, and that the plaintiff was to re-deliver said horses to the defendant on request, and the defendant was to have the right to take said horses, or any of them, at any and all times, to use in and about his business of carrying the U. S. mail and passengers from Lyndon to Island Pond, or any other the business of the defendant; and averred that the plaintiff, on request, refused to re-deliver said horses to the defendant, or to permit the defendant to take them, or any of them, for the purpose aforesaid, but detained them from the defendant for the space of five weeks, to the damage of the defendant two hundred dollars. There was no promise on the part of the plaintiff, express or implied, to re-deliver said horses to the defendant, other than might be inferred from his agreement to keep them for the defendant, and the defendant had the right to take them at any and all times, and had done so until the time of the refusal set forth in said plea. The sole question in the case was as to the validity of said plea in offset. The court decided that the subject-matter of said plea could not be pleaded in offset, and rendered judgment for the plaintiff. Exceptions by the defendant.

*Geo. C. & Geo. W. Cahoon*, for the defendant, insisted that the plaintiff's refusal to re-deliver said horses on demand, was a breach of an implied contract on his part, and hence the proper subject of a plea in offset.

*Belden & May*, for the plaintiff, argued that such refusal was a conversion of the horses, for which trover was the proper remedy, and cited *Kidney* v. *Persons*, 41 Vt. 386 ; and insisted that the same could not be allowed in offset, and cited *Keyes* v. *Western Vt. Slate Co.* 34 Vt. 81, and *Thompson* v. *Congdon*, 43 Vt. 396.

The opinion of the court was delivered by

REDFIELD, J. This action is assumpsit for the keep of defendant's stage horses; and upon the agreed statement of the case,

the question is raised whether the defendant's special pleas in offset may be, legally, predicated upon the facts stated. The offset counts upon the refusal of the plaintiff to deliver defendant's horses on demand. The plaintiff having the possession at the time of demand, the refusal to deliver was a *conversion*. The agreement was " to keep defendant's horses." The withholding the possession from defendant was as much a tort as if he had sold or maliciously killed the horses. Our statute of offsets has been extended to unliquidated damages, *Hubbard* v. *Fisher*, 25 Vt. 539 ; *Keyes* v. *Western Vt. Slate Co.* 34 Vt. 81, which was not the case under the English statute. But it has not yet been extended to *torts*. In the case of *Thompson* v. *Congdon*, 43 Vt. 396, the court allowed the defendant to offset the *use* of a hired carriage, including the injury from *hard usage*, on the ground that there was an implied undertaking to use the carriage with due care and prudence. But the court has uniformly refused to blend, and make concurrent, actions of assumpsit and tort. *Stearns* v. *Dillingham*, 22 Vt. 624 ; *Kidney* v. *Persons*, 41 Vt. 386.

The judgment of the county court is affirmed.