HON. HOYT H. WHEELER,
HON. TIMOTHY P. REDFIELD, } ASSISTANT JUDGES.
HON. JONATHAN ROSS,

---

### HARVEY HUXLEY *v.* ANDREW J. CARMAN.

#### *Book Account. Gen. Sts. ch.* 41, § 18.

It is foreign from the letter and spirit of §18, ch. 41, of the Gen. Sts., to allow a party whose principal matter of controversy properly belongs to the action of account, but who has a few items of book account disconnected with it, or incidentally arising out of it, to bring in and adjust such matter in the action of book account.

BOOK ACCOUNT. The case is sufficiently stated in the opinion. The court, at the August term, 1872, ROYCE, J., presiding, rendered judgment on the report for the plaintiff, *pro forma*, for the sum of $363.57 ; to which the defendant excepted.

*W. D. Wilson* and *R. O. Sturtevant,* for the defendant.

This is an action of book account, brought to settle and adjust matters of deal and account growing out of the taking and carry-

ing on of the plaintiff's farm and stock upon shares. The greater portion of the plaintiff's claim is based upon the ground that the defendant has received more than his just share of the products of said farm and stock, and that the plaintiff might have received much more than he did receive, had the defendant carried on the farm in a good husbandlike manner, according to the terms of the lease. The defendant insists that the action of book account is not the proper action in which to settle the plaintiff's claims. The action should have been account. Gen. Sts. ch. 41, § 1; *Albee* v. *Fairbanks*, 10 Vt. 316; *McCrillis* v. *Banks et ux.* 19 Vt. 442; *La Point* v. *Scott et al.* 36 Vt. 603; *Joy* v. *Walker*, 29 Vt. 260; *Hayden, admr.* v. *Merrill*, 44 Vt. 336. Section 18, ch. 41, Gen. Sts., does not alter or vary the rule in any case where, from the nature and character of the relation and deal between the parties, the action of account is the proper remedy. To hold any other or different construction of this statute, would confound all distinction between the two forms of action. *Hydeville Co.* v. *Barnes.* 37 Vt. 588; *Green & Roberts* v. *Chapman*, 27 Vt. 237; *Duryea* v. *Whitcomb*, 31 Vt. 395; *Matthews* v. *Tower*, 39 Vt. 433.

*H. S. Royce*, for the plaintiff.

Some of the items of the plaintiff's account, and some of the items of the defendant's account, are, unquestionably, proper items of book charge. The action is therefore sustained; and if the items in account on both sides are rejected, the plaintiff would still be entitled to recover. But the items in account should not be rejected, and the parties subjected to the delay and expense of another action. In an action of book account, any item or items of account or deal between the same parties, may be tried and adjusted. Gen. Sts. ch. 41, § 18. A claim of a tenant in common upon his co-tenant, for having received more than his share of the common property, may be adjusted in an action on book. *Gates* v. *Lockwood*, 27 Vt. 286. And in a case where the only items presented were items of account, they were adjusted in the action on book. *Woodward* v. *Harlow*, 28 Vt. 338. The matters involved were not incongruous; nor is it claimed that any injustice would be done, by allowing the items of account. The

language of the court in *Hydeville Co.* v. *Barnes et al.* 37 Vt. 588, fully sustains the application of the statute in a case of this kind. The case of *Green & Roberts* v. *Chapman et al.* 27 Vt. 237, decides that book account is not adapted to the settlement of a partnership account, when the entire account is a partnership matter. So, in *Duryea* v. *Whitcomb*, 31 Vt. 395, the action was book account, to settle an entire partnership account, and not a single item, proper to be charged on book, was presented.

The opinion of the court was delivered by

Ross, J. The statute allowing " an item or items of account" to be adjudicated in an action of book account, we do not think was intended by the legislature to merge the action of account in that of book account. To give it that effect, would be to place a forced and uncommon construction upon the language of the statute. If the legislature had intended to have given such scope and effect to the statute, it would have used language better adapted to that end. It could as easily have worded the statute so as to read—all matter proper to be settled in an action of account, may hereafter be settled in the action of book account. By limiting the effect of the statute to " an item or items of account," it intended that if in settling a proper book account between two parties, it should be found that one or two, and perhaps more, of the items at issue between the parties, were proper to be adjudicated in an action of account, these items should not be omitted from the accounting, and made the subject of a separate action, but might be settled in the action then pending between the parties. It is entirely foreign from the language and spirit of the statute, to allow a party whose main subject of controversy is properly a matter of account, but who has a few items of book account disconnected with, or arising incidentally out of, the principal subject-matter, to bring in, and settle in book account, the principal subject in controversy, which is proper to be settled in an action of account. This is substantially the construction which has been placed upon this statute by the former decisions of this court. In this case, the principal subject of controversy arises out of the lease under which the defendant

carried on the plaintiff's farm for a year, upon shares. All the items in controversy which arise under, and are to be determined by, the stipulations in the lease, are matters appropriate to be settled in an action of account. The items of book account involved in the controversy, are few and unimportant, as compared with the items of account, and would never have existed if it had not been for the lease, which is the origin of the entire controversy. We do not think it would be consonant with the meaning and scope of the language of the statute, nor with the decisions of this court, to hold that all the matters of controversy which grow out of the carrying on of the plaintiff's farm under the lease, may be settled in an action of book account, because the plaintiff, while carrying on the farm, was enabled to charge, properly, a few items on book against the defendant. We think that all the items presented by either party which are to be determined by the provisions of the lease, must be excluded from the accounting in this action. Of the 48 items in the plaintiff's account, only items numbered 1, 2. 3, 8 and 48, amounting as allowed by the auditor, to the sum of $92,25, can be settled in this action. Of the 30 items in the defendant's account, only item 34, allowed at $9, is proper to be settled in the action of book account. The wool money, item 48 of the plaintiff's account, was taken from the operation of the lease by the agreement of the parties. The items in the defendant's account for repairing the house, are controlled by the lease, and not proper to be charged in book account. The judgment of the county court is reversed, and judgment rendered for the plaintiff to recover $81,25, with interest from April 1, 1871 ; and at the request of the defendant, the case is remanded to the county court, to allow him to make application to have the costs in the county court apportioned.