EDWARD H. DEAVITT v. FRANK M. CORRY.

May Term, 1916.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS and TAYLOR, JJ.

Opinion filed October 30, 1916.

*Account—Practice Act—Jury Trial.*

The action of account was not abolished by the practice act, No. 90,
    Acts of 1915.
A party is not entitled to a trial by jury in an action of account.

ACTION OF ACCOUNT. Judgment to account and auditor
appointed. The defendant moved to dismiss because the action
of account was abolished by No. 90, Acts of 1915, because by
the provisions of that act the action should be one of contract
and the defendant was entitled thereunder to a trial by jury;
and because all actions which do not give the defendant a trial
by jury were abolished by the act. The defendant also moved
to revoke the reference to the auditor, and recall the rule, for the
reason that the case is not one in which the defendant is not en-
titled to a jury trial, and that the reference was not agreed to by
the parties. Heard on the above motions at the September Term,
1915, Washington County, *Waterman*, J., presiding. The mo-
tions were overruled, and the defendant excepted. The opinion
states the case.

*H. C. Shurtleff* for the defendant.

*W. B. C. Stickney, W. A. Lord, John W. Redmond* and *F.
L. Laird* for the plaintiff.

WATSON, J. It is urged that the action of account as such
is inconsistent with the forms of civil actions specified in section
1 of the Practice Act of 1915, and consequently it was abolished
by section 17, by which all acts and parts of acts inconsistent
with that Act were repealed. But this argument loses sight of
the provision of section 11, whereby nothing contained in the
Act "shall be taken to impair any right or remedy now provided

by law." Certainly before the passage of that Act, the action of account was a means provided by law to enforce a right. It was therefore a remedy, and it remains unimpaired.

The foregoing ruling leaves without force the defendant's contention that he is entitled to a trial by jury. *Hall* v. *Armstrong,* 65 Vt. 421, 26 Atl. 592, 20 L. R. A. 366.

*Judgment affirmed and cause remanded.*