ALFRED VAILLANCOURT *v.* I. G. GOVER.

February Term, 1941.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed May 13, 1941.

*M. H. Alexander* and *Sylvester & Ready* for defendant.

*F. S. Bedard, Jr.*, and *P. C. Warner* for plaintiff.

SHERBURNE, J. This is an action of contract in general assumpsit, with a count in special assumpsit based upon a lease of defendant's farm, stock and tools at the halves, in which the plaintiff seeks damages because of the alleged failure of the defendant to perform and carry out certain of his agreements and undertakings. The defendant filed a motion to have the cause amended into a suit in equity and transferred to the court of chancery, alleging that all of the matters in difference between the parties growing out of the lease cannot be litigated in this action, and that to avoid a multiplicity of suits it is necessary to transfer into chancery. To this motion was annexed a bill of complaint in which the defendant sets forth a copy of the lease, and alleges that there has never been an accounting concerning the tenancy thereunder, that he has a good defense to the plaintiff's action by way of accounting, but that much of his evidence concerning his defense will not be admissible in the present action, and he further alleges a full compliance with the terms of the lease on his part, and numerous specific violations of its terms by the plaintiff, and that the plaintiff has failed to account, among other things, for a certain increase of the dairy upon the farm, and has failed to divide with the defendant a large part of the crops and products of the farm, and prays for an accounting. To the denial of this motion and to the refusal of the court to permit the amendment and transfer the cause to the court of chancery the defendant excepted.

■ Unless by answer and complaint in set-off the defendant is afforded a full, complete and adequate remedy whereby all questions involved in the tenancy may be considered and determined his motion should have been granted pursuant to the provisions of P. L. 1580. *Holton, Admr.* v. *Hassam et al.,* 94 Vt. 324, 328, 111 Atl. 389; *Nelson* v. *Nelson,* 97 Vt. 50, 62, 122 Atl. 490; *Firemen's Ins. Co.* v. *Butcher et al.,* 102 Vt. 183, 188, 189, 147 Atl. 267; *O'Brien, Admr.* v. *Holden et al.,* 104 Vt. 338, 344, 160 Atl. 192. On the other hand, if the county court in the present action can afford as complete a remedy to consider and determine the questions involved, the motion was properly denied. *Miner's Extx.* v. *Shanasy et al.,* 92 Vt. 110, 102 Atl. 480.

■ The owner of a farm and a tenant on shares are tenants in common of the products in the absence of any special

provisions modifying their relations. *Mott* v. *Bourgeois et al.*, 109 Vt. 514, 517, 1 Atl. 2d. 704; *Sowles* v. *Martin et al.*, 76 Vt. 180, 56 Atl. 979; *Hunt* v. *Rublee*, 76 Vt. 448, 58 Atl. 74; *Willard* v. *Wing et al.*, 70 Vt. 123, 39 Atl. 632, 67 Am. St. Rep. 657; *Frost* v. *Kellogg*, 23 Vt. 308; *Aiken et al.* v. *Smith*, 21 Vt. 172. The action of account is the proper remedy for the adjustment of all controversies arising out of this relationship, and everything growing out of such a contract affecting the proper settlement and division may be brought into such accounting. *Mott* v. *Bourgeois, supra; LaPoint* v. *Scott et al.*, 36 Vt. 603, 609. The court of chancery has concurrent jurisdiction with courts of law in all such causes where the common law action of account would lie. *Leach* v. *Beattie et al.*, 33 Vt. 195, 200; *Holt* v. *Daniels*, 61 Vt. 89, 95, 17 Atl. 786; *Wright* v. *Carpenter*, 111 Vt. 434, 438, 17 Atl. 2d. 328.

But the plaintiff insists that, while the damages he seeks upon his special count in assumpsit for breaches of the terms of the lease may be adjusted in the action of account, he is not obliged to resort to that remedy, and says that the defendant may recover his damages for such breaches in a complaint in set-off under P. L. 1605, 1612 and 1613, and by a complaint in book account under P. L. 1618, and claims that under P. L. 1895 all items properly belonging to the action of account may be tried and adjusted in a complaint in book account; and he further claims that because P. L. 1894 makes the action of account in form an action of contract a complaint in account may be pleaded in set-off.

■ An offset is not required to be liquidated, in order to be pleaded in set-off under our statutes as is the rule at common law; but the plea is a mere declaration, and may cover any matters of contract, not expressly excepted in the statute. *Hubbard* v. *Fisher*, 25 Vt. 539, 543; *Keyes* v. *Western Vt. Slate Co.*, 34 Vt. 81, 85; *Thompson* v. *Congdon*, 43 Vt. 396.

■ Breaches of contract by either party to such a lease, whereby the making of profits has been prevented merely, need not necessarily be brought into the account, and may be sued for independently, and a remedy obtained by a recovery in damages for such a breach. *LaPoint* v. *Scott, supra*. In that case the plaintiff was allowed to maintain a suit in special as-

sumpsit for damages because of the failure of the defendants to furnish the full number of cows provided for by the lease, and because of not being allowed to keep his oxen on the leased premises out of the products of the farm. To the same effect is *Reynolds* v. *Chynoweth*, 68 Vt. 104, 34 Atl. 36, where the plaintiff was allowed to recover in assumpsit for a failure to carry the farm on in a good and husbandlike manner.

▉ Doubtless the defendant has a remedy by a complaint in set-off for such of his demands as are covered by the foregoing; but among other items he has claims for an accounting for the increase of the dairy and a division of the crops and products of the farm, for which he cannot recover in assumpsit. As is said in *LaPoint* v. *Scott, supra,* 36 Vt. pp. 611, 612, "From the very nature of such a contract, many articles of the joint products cannot be equally divided, and it is expected that the larger share will be balanced by the other party having more of something else. It is usual for both parties to receive some portion of the joint products during the year, and when they do, that it is to be settled and balanced in the ultimate settlement and division. In order to create an independent cause of action by the acceptance of some portion, or article of the farm productions, an express contract should be shown to take it out of the general account." In that case recovery in assumpsit for a calf was denied where the calf was a part of the increase of the stock, although there was a severance of the joint interest and by agreement the defendants took it and were to pay the plaintiff for his half, as nothing appeared that the defendants were to pay for it presently, or to show any expectation or design except to make it an item to come into the final division and settlement. See, also, *Hunt* v. *Rublee, supra; Warren* v. *Caryl,* 61 Vt. 331, 334, 17 Atl. 741; *Albee* v. *Fairbanks,* 10 Vt. 314.

▉ Although doubtful, (see *Albee* v. *Fairbanks, supra*) it may be that the defendant has one or two items in his claims that may be proper charges in book account, but this action will not lie for the recovery of damages for the breach of a special contract, *Stoddard & Son* v. *Village of North Troy,* 102 Vt. 462, 471, 150 Atl. 148; *Smalley* v. *Soragen,* 30 Vt. 2, 5; *Scott* v. *Lance,* 21 Vt. 507, 514; *Bailey* v. *Bailey,* 16 Vt. 656, 658; at least in the absence of an agreement, express or implied, that such item should be brought into the settlement of the account.

*Stoddard & Son* v. *Village of North Troy, supra; Chamberlain, Strong & Co.* v. *Farr,* 23 Vt. 265, 272.

██ Nor does P. L. 1895, which provides: "On the trial of an action founded on book account, if it appears to the court that any item or items of account or deal between the same parties would more properly belong to an action for an accounting, the same may be tried and adjusted in the action founded on book account", avail the defendant. *Huxley* v. *Carman,* 46 Vt. 462. In that case the principal subject of controversy arose out of a letting upon shares, and the Court said: "It is entirely foreign from the language and spirit of the statute, to allow a party whose main subject of controversy is properly a matter of account, but who has a few items of book account disconnected with, or arising incidentally out of, the principal subject-matter, to bring in, and settle in book account, the principal subject in controversy, which is proper to be settled in an action of account."

██ Nor does P. L. 1894 by making the action of account at law in form an action of contract make such action pleadable as a complaint in set-off. Chapter 69 of the Public Laws relative to set-off is not materially different from chapter 75 of the Public Statutes of 1906. Chapter 81 of the Public Laws relative to the action of account is not materially different from chapter 89 of the Public Statutes. By the practice act, No. 90 of the Acts of 1915, now a part of chapter 67 of the Public Laws, the action of account became in form an action of contract, but was otherwise unaffected. *Blaisdell* v. *McClary,* 90 Vt. 431, 98 Atl. 1001; *Deavitt* v. *Corry,* 90 Vt. 531, 98 Atl. 1000. When the General Laws of 1917 was enacted it was so termed, G. L. 2083, now P. L. 1894. Prior to the enactment of the practice act there was no provision for filing a complaint in account, other than book account, in set-off. See *Tobias* v. *McGregor,* 19 Vt. 113. The practice act did not enlarge the incidents attending the right of set-off. County Court rule 11, § 5.

██ It follows that an answer and complaint in set-off do not afford the defendant an adequate remedy. His motion should have been granted.

*Judgment denying defendant's motion to have the cause amended into equity reversed, and cause remanded to be amended into a suit in equity.*