ant, for under those he might still have impeached the considera tion. (3)

PARKER, C. J.　The paper writing declared on is not a note payable to bearer; for it is in the form of an order, and, not being for value received, does not import, on the face of it, any obligation on the part of the defendant to pay; nor can it be converted into a promise, on the part of the plaintiff, without some evidence tending to show that such was the intent of the defendant in subscribing it.

In the cases which have been most discussed, it was proved that the party claiming the money had come fairly by the paper, and had paid a valuable consideration for it.　In this case, no such evidence exists; but the plaintiff rests his claim wholly upon the bare possession of the paper.　This would be enough to entitle him to recover, if it were a note payable to bearer; unless suspicious circumstances should require further evidence on his part.　But the mere possession of a paper drawn in form of an order, there being no drawee in existence, we think cannot entitle the possessor to an action in any form; for the paper may have been carelessly dealt with as imperfect, and may have come to the possessor by finding.

It is enough for the purposes of justice, that the holder of such a paper may entitle himself to recover, merely by showing that he paid for it, or that he came otherwise fairly by it; for it can rarely happen, that he will be unable to produce the person from whom he received it.　If the circumstances are such as induce him to decline producing evidence of the manner in which the

[ *436 ]　paper came to him, *no probable harm will be the result of his loss of the money. (*a*)

*Plaintiff nonsuit.*

(3) 2 Ld. *Raym.* 930, and the cases cited in *Brown* vs. *Gilman.*
(*a*) Vide *Ellis & Al.* vs. *Wheeler*, 3 *Pick.* 18. — *Cushing* vs. *Gore & Al.* ante, 69

---

JAMES NEVINS AND OTHERS *versus* P. P. F. DE GRAND

A bill of exchange having been endorsed to A & B, or their order, who had no interest therein but as the agents or brokers of the drawer, they, after acceptance of the bill, erased the special endorsement, by which it was made payable to them, and sold it to C.　Payment being refused, C brought his action against the acceptor; but failed of recovering, on account of the said erasure.　Afterwards A & B, having become owners of the bill, brought their action, as endorsees, against the acceptor, and were permitted in Court to restore the special endorsement, which had been so erased.

THIS was an action of *assumpsit* on a bill of exchange, accepted by the defendant.

The facts in the case, as agreed by the parties, were as follows: On the 9th of April, 1817, the house of *J. & T. G. Prentiss*, of *Lexington*, in *Kentucky*, drew the bill declared on, requesting the defendant to pay to the order of *Thomas G. Prentiss*, one of the drawers, five thousand dollars, at the office of discount and deposit of the Bank of the *United States*, at *Boston*, on account of *J. De Bellievre*, four months after sight, as per letter of advice, and letter to the defendant from *R. Whiting* upon that subject. On the back of the bill were these words, " Pay to the order of *J. T. Mason*, Jun.," signed " *Tho. G. Prentiss.*" Then followed this endorsement, *viz.*, " Pay to *S. & J. Nevins & Co.*, or order," or " Pay 'o the order of *S. & J. Nevins & Co.*," signed " *John T. Mason*, Jun., by his attorney, *Thomas G. Prentiss*," — the said *Prentiss* having au thority so to endorse by a power of attorney filed in the case.

The bill, thus endorsed, was presented to the defendant for acceptance on the 24th of April, 1817, who accepted the same in writing, as appeared on the face of the bill. The bill was presented for acceptance by *Edward Renouf*, a broker in *Boston*, for the Messrs. *Nevins*, brokers in *Philadelphia*, to whom it was returned after acceptance. When the bill was afterwards presented for payment, which was done by *Samuel Cabot*, Jun., who had acquired a legal title to it, the words over the signature of *Thomas G. Prentiss*, as attorney to *J. T. Mason*, Jun., had been erased; and the defendant declined paying, on account of the erasure. The said *Cabot* offered sufficient indemnity to the defendant, but he finally declined paying the bill. The erasure was made * by the [ * 437 ] said *J. Nevins*, for the purpose of leaving the endorsement of the said *Mason* in blank ; and thus to enable them to negotiate and sell the bill, without the responsibility which would attach to his firm as endorsers — they having no interest in the bill, except as agents and brokers acting in behalf of the drawers, to sell the same ; and after the erasure thus made, they, for a full and valuable consideration, sold the bill to certain merchants in *Philadelphia,* who afterwards negotiated the same to the said *Cabot*.

An action having heretofore been brought on this bill of exchange in the name of said *Cabot*, his counsel, during the trial of the same in this Court, and in the presence of the Court, filled up said endorsement over the signature of *T. G. Prentiss*, attorney to said *Mason*, with words making the same payable to said *Cabot*. A verdict was thereupon found for the plaintiff, subject to the opinion of the Court upon the facts reported by the judge who sat in the trial. The Court having decided that said action could not be maintained

by said *Cabot*, and the now plaintiffs having since become the owners of the bill, by paying the amount thereof to said *Cabot*, this action is brought to recover the amount of the same.

The plaintiffs claim the right, or they ask leave of the Court, to strike out the words so endorsed at the former trial, and to restore the original words, *viz.*, "Pay to the order of *S. & J. Nevins & Co.*," who are the present plaintiffs. This is objected to by the defendant.

If, in the opinion of the Court, the plaintiffs have the right, or if the Court will grant the authority, to erase the words inserted at the former trial, and to make the said insertion ; and if thereupon, upon this statement of facts, the plaintiffs have the right to recover, the defendant to be defaulted, and judgment rendered for the plaintiffs for the amount due on the bill ; otherwise, the plaintiffs to become nonsuit.

*Hubbard*, for the plaintiffs, cited 3 *Wheaton's Reports*, 182. — 2 *Molloy*, c. 10, § 28. — 12 *Mass. R.* 78. — 1 *Campb.* 82. — 5 *Mass. R.* 538.

[ \*438 ]          \* *Williams* for the defendant.

PARKER, C. J., delivered the opinion of the Court. In the action of *Cabot* vs. *De Grand*, upon the same bill on which the present action is brought, the plaintiff failed, because he did not show a title under the present plaintiffs, to whom the bill had been specially endorsed by *Mason*. It appeared that, when the bill was accepted, it stood payable to *Nevins & Co.*, or their order ; and it was thought unsafe to allow the special endorsement to be stricken out after acceptance, as it might enable the finder, or any one who might come dishonestly by the bill, to procure payment of it. Therefore, although *De Grand* had no reason to doubt *Cabot's* right to the bill, when presented by him for payment, with full evidence that *Nevins & Co.* had transferred it, — yet, upon general principles, it was found that *De Grand* was not liable to that plaintiff on his acceptance.

The plaintiffs in the present suit, to whom the bill has been returned by *Cabot*, now move to be permitted to restore the bill to the situation it was in when it was accepted ; and it being very clear that the words, now moved to be restored, were stricken out with honest intentions, and that the acceptor has in no way been prejudiced thereby, or can be, in any way, injured by the restoration, justice requires, and the law allows, it to be done. The bill never having been assigned by the now plaintiffs, to take effect as was intended, the property remains in them, and they have a right to maintain this action.

*Defendant defaulted.*