## FLOWER BROOK MANUFACTURING CO. *v.* RUFUS BUCK.

[Same Case, 16 Vt. 290.]

Where the plaintiffs received of the defendant a quantity of wool to manufacture into cloth at a specified price per yard, and the defendant called several times for all the cloth that belonged to him, and cloth was delivered to him at several times, and the parties, supposing that it had all been delivered, agreed upon the balance due to the plaintiffs for manufacturing, and subsequently the plaintiffs discovered that they had not delivered all the cloth belonging to the defendant, and informed the defendant of that fact, and it did not appear, that the plaintiffs had ever offered the cloth to the defendant, or had set it apart for him, it was held, in an action on book account subsequently brought to recover the price of manufacturing, that the auditor might presume, that the plaintiffs had appropriated the avails of the cloth to their own use, and might allow its value, after deducting the price for manufacturing, in offset to the plaintiffs' account.

BOOK ACCOUNT. This action came into the supreme court at the January term, 1844, upon exceptions to the decision of the county court therein, and the judgment of the county court was reversed and the case again sent to an auditor by this court. And now the auditor returned to the court his report, finding a balance due to the defendant of $14,42, and stating the facts substantially as follows.

In July, 1838, the defendant delivered to the plaintiffs a quantity of wool, to be manufactured into cloth by the first day of March, 1839, at twenty five cents per yard, payable on delivery of the cloth. The wool made six hundred and sixty seven and ten eighteenths yards of cloth, of which the defendant received in December, 1838, in April, 1839, in April, 1840, and in January, 1842, in all, five hundred and thirty four yards. The defendant called at the factory for the cloth several times, when there was no agent there to attend to business, and received none, and sent for all his cloth at other times, and received the quantities charged to him. On the eleventh of January, 1842, the parties settled together, and agreed that there was a balance due to the plaintiffs, for manufacturing, of seventy five dollars, which the defendant promised to pay by a time specified; but subsequently it was discovered by the plaintiffs, that a mistake

had been made, and that they still retained in their hands one hundred and thirteen and ten eighteenths yards of the cloth; and they informed the defendant of this fact in July, 1842. The defendant did not pay the seventy five dollars, and never demanded of the plaintiffs the cloth remaining in their hands. This action was brought to recover the balance due to the plaintiffs under the contract, and the auditor allowed to the defendant the value of the cloth remaining in the plaintiffs' hands, deducting the stipulated price per yard for manufacturing, in offset to the plaintiffs' account. Exceptions to the report were filed by the plaintiffs.

*G. W. Harmon* for plaintiffs.

There was no contract, express, or implied, that the plaintiffs should receive the cloth in payment for manufacturing, or upon general account. No liability could attach upon them to account for the cloth, in consequence of the delay in its delivery ; there was no such contract, and the neglect occurred through the mistake of both parties. The plaintiffs discharged their duty, by informing the defendant of such mistake, and expressing a willingness to deliver the cloth. Nothing was done, by which the cloth became vested in the plaintiffs. *Terrell* v. *Beecher,* 9 Conn. 344. *Slason* v. *Davis,* 1 Aik. 73. *Nason* v. *Crocker,* 11 Vt. 463. *Stone* v. *Pulsipher,* 16 Vt. 428. *Bailey* v. *Bailey,* 16 Vt. 656. *Barlow* v. *Read,* 1 Aik. 145, 1 Vt. 97. *Tyson* v. *Doe,* 15 Vt. 571. *Pangborn* v. *Saxton,* 11 Vt. 79. *Starr* v. *Huntley,* 12 Vt. 13. The action on book account will not lie for goods, unless there have been an executed and perfected contract and sale, and the goods have vested in the vendee. *Carpenter* v. *Dole,* 13 Vt. 578.

This case is distinguishable from that of *Rogers* v. *Miller,* 15 Vt. 431. In that case the property was delivered upon a sale and might well be recovered for in the action on book account. *Wilkins* v. *Stevens,* 8 Vt. 214. But this case is one of bailment. Jones on Bailment 117, 118.

*S. Fullam* for defendant.

The report finds, that the defendant sent several times for his cloth, after it was manufactured, and that the plaintiffs sent him a part. The defendant had a right to sue the plaintiffs, after he had

sent for the cloth, either in trover, if trover could be sustained against a corporation, or in assumpsit. Therefore he had a right to offset it against the plaintiffs' claim for manufacturing this very cloth. The whole matter should be settled by one suit.

The opinion of the court was delivered by

WILLIAMS, Ch. J. It appears, in this case, that a contract existed between the parties, by which the plaintiffs were to manufacture for the defendant a quantity of wool and receive therefor twenty five cents per yard. The defendant was entitled, under this contract, to receive six hundred and sixty seven yards, which was called for at four several times, and the whole was not delivered. Under a belief that the defendant was indebted to them, the plaintiffs commenced this action on book account against him. The auditor, however, reports, that the defendant did not receive all the cloth to which he was entitled, and charges the plaintiffs with the value of that retained by them, deducting the price of manufacturing, and finds a small balance due to the defendant.

We see no reason to doubt, but that the auditor was correct in his view of the case. The cloth was demanded and was not delivered; it has not been offered to the defendant, and there is no evidence, that the plaintiffs have it on hand, set apart and designated for him. The auditor therefore might, with propriety, consider that the plaintiffs had appropriated the avails of this cloth to their own use, either by sale, or otherwise, and hold them accountable in this action for the value, or the avails of the same. The principles, which have governed the court in cases similar to this heretofore, particularly in *Wilkins* v. *Stevens*, 8 Vt. 214, and more particularly in a case decided, during this circuit, in Chittenden County, of *Hickok & Catlin* v. *Stevens et al.* [*ante*, p. 111] must regulate our decision in this case.

The report is accepted, and judgment rendered for the defendant to recover the balance reported.