# WASHINGTON COUNTY.

---

## John Stearns *v.* Albert Dillingham.

To enable the owner of goods to waive the tort and sue in assumpsit, when they have been wrongfully taken from him, the goods must have been converted into money.

When sheep break from the enclosure of their owner into an adjoining pasture, and there remain for some considerable time, the owner of the pasture cannot, of his own mere motion, waive the tort and sue in assumpsit for the pasturing of the sheep. To authorize this there must have been what would amount to the consent of both parties, that it should be considered as matter resting in contract.

Where it appeared, that the plaintiff's sheep from time to time broke into the defendant's pasture through the plaintiff's fence, and the defendant sent word to the plaintiff, that he must take care of them, and the plaintiff said to the messenger, that he did not know what he should do with the sheep, and that he expected he should have to pay the defendant for the sheep running in his pasture, and this was told to the defendant by the messenger, and the defendant continued to drive the sheep from his pasture, whenever he saw them there, as well after the message was sent to the plaintiff, as before, but made no more personal complaint to the plaintiff respecting them, it was held, that these facts did not show any assent to make the pasturing of the sheep matter of contract, and that the defendant could not recover of the plaintiff for pasturing the sheep, in an action of book account, or assumpsit.

Book Account. Judgment to account was rendered, and an auditor was appointed, who reported, that the defendant presented an account against the plaintiff, for pasturing his sheep, in reference to which he found the facts as follows.

The parties, in 1842, were occupants of adjoining land, and the plaintiff's sheep, to the number of two hundred, or over, broke over the division fence which it was the duty of the plaintiff to keep in repair, and depastured upon the defendant's land for a considerable

share of the season. In August the defendant sent word to the plaintiff by one Stanley, who was in the employment of the plaintiff, that he must take care of his sheep. Stanley delivered the message, and the plaintiff said to Stanley, that "he did not know what to do with them—that he expected he should have to pay Dillingham for his sheep running there,"—but sent no word to the defendant in relation to the subject. Stanley reported to the defendant the language of the plaintiff, about paying him, &c., within a day or two after the conversation was had. The sheep continued to run in the defendant's pasture occasionally through the season. No farther complaint was made by the defendant to the plaintiff on the subject; but the defendant was always in the habit of driving the sheep out, whenever seen by him in the pasture, as well after as before this conversation. In the course of the next spring the defendant requested the plaintiff to pay him for pasturing his sheep the season before; and the plaintiff said he was willing to pay what it was worth, and offered $5,00,—which the defendant refused to accept, insisting that the sum offered was insufficient. There was no other contract between the parties.

The auditor reported, that if, from these facts, the defendant was entitled to recover for the pasturage, either in this action, or assumpsit, he found a balance due to the defendant of $2,62; but that otherwise there was a balance due to the plaintiff of $10,72.

The county court,—REDFIELD, J., presiding,—rendered judgment for the defendant, upon the report, for the sum found due by the auditor. Exceptions by plaintiff.

*T. P. Redfield* for plaintiff.

The plaintiff was, as to the defendant, a *tort feasor*, and, as such, liable in an action of trespass. This was not a case, where the defendant might, at his election, " waive the tort " and bring assumpsit. *McCrillis* v. *Banks et ux.*, 19 Vt. 442. *Peach* v. *Mills*, 14 Vt. 371. *Blanchard* v. *Butterfield*, 12 Vt. 451. *Jones* v. *Hoar*, 5 Pick. 285. *Centre Turnp. Co.* v. *Smith*, 12 Vt. 212. 12 Pick. 120. Has any thing been done by the parties, by which this *tort* has become merged in *contract?* The remark which the plaintiff made to Stanley had no tendency to prove it,—for the plaintiff neither admitted his liability, nor promised to pay, and the remark

was made to a stranger, with no expectation that it would be repeated to the defendant. The offer of the $5,00, having been rejected by the defendant, is not evidence to charge the plaintiff. Chit. on Cont. 8. 3 T. R. 653. The defendant could not have relied upon the declaration of Stanley, and suffered the sheep to remain, expecting pay for their keeping, for he treated them as in his close wrongfully and drove them out.

*P. Dillingham* for defendant.

We insist, that the defendant could maintain assumpsit against the plaintiff for the amount of benefit he derived from his sheep depasturing on the defendant's farm. If there was no express agreement, there was a clear and satisfactory assent on the part of the plaintiff, that the subject matter of the defendant's claim should be treated and adjusted as a matter of contract between them. It is obvious, that the plaintiff did not mean, by his declaration to Stanley, that he expected to pay damages as a trespasser, but to pay for the benefit he received. In the subsequent conversation between the parties in reference to it, they both treated it as matter of contract, and desired to settle it on the principal of a *quantum meruit*, and only failed, because they could not agree upon the equitable value of the pasturing. *Bailie* v. *Cazelet*, 4 T. R. 579. *Bennett* v. *Francis*, 2 B. & P. 550. *Jones* v. *Hoar*, 5 Pick. 289.

There is a class of cases, where, without the assent of the wrong doer, the injured party may waive a tort and sue in assumpsit. This right is confined to those cases, where, by reason of the wrong done, property is acquired that benefits the wrong doer; here, if the wrong is forgiven, the injured party may sue and recover in trespass for the value of the property to the *tort feasor*. *Hambly* v. *Trott*, Cowp. 375. And this may be done,—1. When the thing wrongfully taken has been converted into money; 1 T. R. 387; 2 B. & P. 550; 15 Pick. 302; N. Ch. 95;—2. When the thing has been changed or converted into other property and sold for money; 4 Pick. 449; 13 N. H. 449; 12 Pick. 120;—3. When waiving the tort and sueing in assumpsit works no injury to the other party; 8 Bing. 43; 1 B. & C. 94;—4. In all cases, where one takes property belonging to another, without contract, and uses it for his own benefit. 3 N. H. 384; Chit. on Cont. 22, 33.

The opinion of the court was delivered by

BENNETT, J.   The law is too well settled, to admit of discussion, that, to enable the owner of goods to *waive* the tort and sue in assumpsit, where they have been wrongfully taken from him, the goods must have been converted into money.   The rule is the same, where the trespass consisted in breaking the plaintiff's freehold and cutting and carrying away the trees standing thereon.   The trees must have been sold by the defendant.   If, however, in England, the defendant, when sued in assumpsit, elect to bring money into court, under a rule obtained for that purpose, this would conclude him from objecting to the form of action.   In effect, it would be an admission of the contract, as set up in the declaration.   *Bennett* v. *Francis*, 2 B. & P. 550, is of this character.   Probably the same result would follow from a plea of tender.

The plaintiff, in the present case, was guilty of breaking the defendant's freehold and depasturing the same.   The defendant cannot, *of his own mere motion, waive* the tort, and sue in assumpsit for the pasturing of the plaintiff's sheep.   To authorize this, there must have been what would amount to the consent of both parties, that it should be considered as matter resting in contract.

While goods, which have been wrongfully taken, are in the custody of the defendant, the action may, by contract, be converted into an action for goods sold and delivered.   This is in accordance with well established cases; and probably the true ground upon which they rest is, that the subsequent assent, to treat the matter as resting in contract, has relation back to the time the goods were taken, and, in legal effect, converts it into a sale of the goods, at the request of the defendant.

Is there enough in this case, found by the auditor, to convert the defendant's claim into contract?   If not, it must still rest in tort. The plaintiff's sheep from time to time broke into the defendant's lot through the plaintiff's fence.   Word was sent to him to take care of them ; but he did not, and the sheep continued to break in, and the defendant continued to turn them out, as well after the word was sent, as before,—though he made no more personal complaint to the plaintiff about them.   When word was sent to the plaintiff, to take care of his sheep, he sent no word back to the defendant, but simply remarked, that he did not know what he should do with

them, and that he expected he should have to pay Dillingham for the running of his sheep in his pasture. These facts do not show any assent to make the pasturing of the sheep matter of contract. The expression, that the plaintiff expected he should have to pay Dillingham, might well refer to his liability as a *tort feasor*, and I think did. He sent no word to the defendant about the sheep, and the defendant continued to turn them out, when they got in, as before. There are no facts reported by the auditor, from which it can be claimed, that the parties understood, that the plaintiff was to be liable upon any implied promise to pay for the pasturing of his sheep.

We think, then, this claim cannot be allowed to the defendant in this action, and the judgment of the county court must be reversed; and, disallowing this item, judgment must be entered for the plain- iff for $10,72, and interest on that sum, and costs.