RUEL L. WINN *v.* JONATHAN SPRAGUE, *appellant.*

*Book Account.    Contract.    Practice.    Supreme Court.    Parent and Child.*

The defendant's cattle having trespassed upon the plaintiff's land and damaged his crop of oats, through the defect of a division fence which both parties were under an equal obligation to keep in repair, the defendant told the plaintiff that he would allow him what was right for the oats when they came to settle. *Held*, that this was not sufficient to warrant a recovery by the plaintiff in book account for the damage to the oats.

The plaintiff hired out his minor son to the defendant, and while he was at work for the defendant, the plaintiff remarked to the defendant that he (the plaintiff) should let his son have half his wages. *Held*, that these facts did not constitute any implied authority from the plaintiff to the defendant to pay the amount of the boy's wages to the boy himself.

Where the defendant is the excepting party, and the plaintiff fails to appear in the Supreme court, the court will not treat the plaintiff as having become non-suit, but will hear the defendand *ex parte* upon his exceptions.

BOOK ACCOUNT. The facts of this case sufficiently appear from the opinion of the court.

The defendant excepted to the judgment of the county court.

*H. N. Hix* and *C. N. Davenport*, for the defendant.

No appearance for the plaintiff.

KELLOGG, J. This was an action on book account, and the questions made on the defendant's exceptions relate to the

allowance by the auditor of item No. 9 of the plaintiff's account, and the disallowance of a portion of items numbered 20 and 21 of the defendant's account.

Item No. 9 of the plaintiff's account was for damage done by the cattle of the defendant to a field of oats belonging to the plaintiff, which was charged by the plaintiff and allowed by the auditor at the sum of five dollars. The auditor reports that the cattle of the defendant crossed the line fence between lands of the parties, and got into, and destroyed, the plaintiff's oats then growing in his field. The fence was not a lawful or sufficient fence, but was such as the parties supposed would be sufficient to protect their fields, and it was undivided, and it was equally the duty of the plaintiff and defendant to keep it in repair. Sometime in the fall after the damage to the field of oats, the defendant's cattle got into the plaintiff's field again, and did some trifling damage, when the defendant was notified, and, being then reminded by the plaintiff of the damage which the cattle had before done to the oats, he thereupon told the plaintiff that he would allow to him what was right for the oats when they came to settle. The alleged liability of the defendant for this item rests upon this undertaking. Without this undertaking, the utmost that could be claimed by the plaintiff in respect to the damage to his oats by the defendant's cattle was that the defendant was a *tort feasor*, and, as such, liable in an action of trespass; and it might with good reason be said that the damage happened as much in consequence of the fault of the plaintiff as of the defendant, each being under a common and equal obligation to maintain the division fence so that it should be lawful and sufficient. The plaintiff certainly could not have maintained assumpsit, if he could have maintained any other action, for this damage; and, to warrant a recovery for it on book, there must have been what would amount to the consent of both parties that it should be considered as matter resting in contract, and to be adjusted on the settlement of their book account as a part thereof; *Stearns* v. *Dillingham*, 22 Vt. 624. We do not think that there is enough found by the auditor to convert the plaintiff's claim into a matter of contract. No sum was mentioned as the amount of the damage to be allowed, and nothing

appears in the auditor's report to show that the defendant expected that he was changing the form of any liability which he was under to the plaintiff on account of this damage,—and much less to show that he contemplated a change of his liability from the form of tort into that of an item on book account. We think that the defendant's declaration to the plaintiff that he would allow him what was right for the oats when they came to settle should be interpreted only as an admission of some liability on that account, and not as expressive of a consent to a change in the form of that liability. The allowance of this item, as an item in the plaintiff's book account was, in our opinion, erroneous, and the amount of the same should be deducted from the balance reported by the auditor as due to the plaintiff.

Items numbered 20 and 21 of the defendant's account were for money paid by him to the plaintiff's minor son, David, for David's work charged in item No. 7 of the plaintiff's account, which was performed by David under a contract made by the defendant with the plaintiff. There was no controversy as to the amount of the charge. The plaintiff told the defendant, while David was at work for him, that he (the plaintiff,) should let David have half of his wages, but he never gave to the defendant any express authority to pay David's wages to him. The auditor reports that the defendant paid to David the sum of $3 25 as charged in said items numbered 20 and 21,—of which sum the auditor allowed to the defendant $2.42, the same being one-half of the amount of David's wages as charged in item No. 7 of the plaintiff's account, and disallowed the remainder, amounting to 83 cents. The auditor having reported that the defendant had no express authority from the plaintiff to pay to David the amount of his wages, the defendant now claims that such an authority should be implied upon the facts reported as above stated. No exceptions were taken by the plaintiff to the allowance to the defendant of so much of the payments made by the defendant to David as was equal to one half of David's wages while in the service of the defendant ; and the auditor, in disallowing the remainder of the payments made by the defen-

dant to David, must have found that the plaintiff did not receive any benefit from the payments so disallowed. The contract for the labor of David having been made by the defendant with the plaintiff, and no express authority having been given by the plaintiff to the defendant to pay any thing to David on account of the wages of that labor, the plaintiff's right to those wages would seem clear; and the defendant must show an implied authority arising from the course of dealing between the parties to warrant the allowance which he now claims. The facts reported do not, as we think, warrant the conclusion that David had any implied authority from the plaintiff to receive more than one-half of the wages of his labor for the defendant; and we think that, beyond that limit, the defendant had no implied authority to make any payment to David.

The judgment of the county court for the plaintiff is reversed, and, on motion of the defendant, the case is remanded to that court to render judgment in favor of the plaintiff for the balance reported by the auditor as due to him, deducting therefrom the amount allowed by the auditor on item No. 9 of the plaintiff's account, and also for the taxation and allowance of costs. The defendant to be allowed his costs in this court.

NOTE, by KELLOGG, J. In this case, there was no appearance in this court by or for the plaintiff; but, the defendant being the excepting party, the court decided, as a matter of practice, that the plaintiff should not be treated as having become non-suit, and that the case should be heard on the defendant's exceptions. The case was then argued by Messrs. H. N. Hix and C. N. Davenport for the defendant ex parte.