## JACOB K. DRURY v. MILO DOUGLAS.

*Book Account.*

The plaintiff delivered money to the defendant to be carried by the latter, as a mere messenger, to a third person. The defendant agreed so to deliver the money, but neglected to do so. *Held*, that the plaintiff could not maintain book account for the amount of money so delivered.

BOOK ACCOUNT. The auditor reported that the plaintiff claimed to recover one hundred dollars, and interest, which the auditor found he delivered to the defendant, in cash, to carry and deliver to one Sibley, and which the defendant received for that purpose and agreed to deliver to Sibley, but which he neglected to do. The auditor also found that at the time of the delivery of the money in question by the plaintiff to the defendant, it was not expected by either party that the same was to become a matter of account between them, and that the defendant had no right or authority, expressed or implied, to make any use whatever of the money, except to carry and deliver it to Sibley, unless such right or authority was to be implied from the delivery of the money for the purpose above stated.

Upon this report, the county court, at the April Term, 1861, PIERPOINT, J., presiding, rendered judgment for the plaintiff, to which the defendant excepted.

*J. French* and *E. R. Hard,* for the defendant.

*Wm. G. Shaw* and *Geo. F. Edmunds,* for the plaintiff.

ALDIS, J. The money was delivered to the defendant to carry to another—for that purpose only. There were no dealings between the parties with which it was connected. The defendant had no interest in it—no right to use it. He was a mere messenger to carry it to Sibley.

His neglect or refusal to carry it to Sibley was a tort. Can a tort, pure and simple, be charged on book? To hold that would

be going quite beyond·any precedents, · (and they have already gone quite as far in this direction as it is wise and safe to go,) and would break down the distinction between forms of actions, between torts and contracts,—a distinction existing in the nature of things, as well as in the artificial rules of pleading.

*Whiting* v. *Corwin,* in the 5th Vt., is relied on by the plaintiff as being directly in point. The view of that case which the plaintiff here urges was there presented to the court. But CH. J. HUTCHINSON in his opinion denied that that view of the facts was correct; and held that the money was there delivered to be used by the defendant for the benefit of the plaintiff, and to be accounted for.

Our courts have been disposed to extend the action of book to all matters of account, whenever they could properly do so, on account of the advantages which that mode of trial presents over a trial by jury in the investigation of items of account. That reason remains in full force.

It was also often resorted to for a reason that has ceased to exist—the admission of the parties in that form of action to testify. As by our recent statutes parties may testify in all civil suits, that distinction in favor of book account no longer exists.

Judgment reversed, and judgment for the defendant.