HON. JAMES BARRETT,  
HON. ASAHEL PECK,  
HON. WILLIAM C. WILSON, ⎬ ASSISTANT JUDGES.  
HON. BENJAMIN H. STEELE,  
HON. JOHN PROUT,

---

## E. B. KIDNEY *v.* C. E. PERSONS.

### *Trover. Assumpsit. Waiver. Pledge.*

If a pledgee or pawnee of a chattel or one having it in his right only, sell it as if he were the absolute owner before he has a right to, the general owner may maintain trover, and in that action recover according to the value of his interest in the property.

As a general rule, the owner of property wrongfully converted into money or its equivalent, may waive the tort and seek his remedy in assumpsit.

But where the plaintiff pawned or pledged a watch to secure the payment of a debt he was owing, and the defendant obtained the possession of it in right of the pawnee

or pledgee, and sold it before he had a right to, for a harness, receiving no money in fact for either, it was *held*, that the plaintiff could not recover in general assumpsit, as for money had and received.

Question discussed as to what is money had and received or its equivalent in a legal sense.

ASSUMPSIT. The declaration contained only the general counts. Plea, the general issue. Trial by jury, June term, 1868, Orleans county, STEELE, J., presiding.

The plaintiff's evidence tended to show that the plaintiff pawned or pledged a watch to secure the payment of a debt he owed. The defendant obtained the possession of the watch in the right of the creditor. The plaintiff's evidence tended to show that the defendant sold the watch before he had a right so to do. The defendant received no money for the watch but sold it for a harness. After the plaintiff's evidence was heard, the defendant objected that the plaintiff could not recover in this form of action, and the court so held, and the plaintiff excepted. The plaintiff under this ruling of the court became *nonsuit*.

*L. H. Bisbee*, for the plaintiff.

It is true as a rule of law, where goods are wrongfully taken, a plaintiff can not waive the tort and sue in assumpsit for money had and received, unless the property has been converted into money. The case at bar discloses a different state of facts. In this case the defendant was rightfully possessed of the watch, and supposed he had a *right* to dispose of it, and acting upon this supposed right, he treated it as his own property, and traded it for a harness, and was therefore not in fact a *tort feasor*. The defendant having treated this watch as his own, and having converted it into a harness, it should be *presumed* he had converted the harness into *money*, as there is no evidence in the case tending to show the harness was *not* converted into money.

The court erred in ordering a verdict for the defendant in this: the defendant having come into possession of this watch by an assignment from the *pawnee*, and held the watch under the same right as the pawnee, and the defendant having disposed of the same under color of *right*, should be held to account to the plaintiff in this form of action, for any balance the defendant

might have received over and above the debt due from the plaintiff to the *pawnee*. If an agent be entrusted with property to dispose of, he is liable to the owner in an action for money had and received whether the sale be actually for money or not.   *Thompson* v. *Babcock*, Brayton, 24.   In this case the defendant had converted the watch into what was equivalent to money for him.   When the thing has been *wrongfully* taken and converted into another property and then *that* into *money*, the tort may be waived and an action for money had and received maintained.   *Gilmore* v. *Wilbur*, 12 Pick. 120.

The case at bar comes under the rule laid down in *Flower Brook Manufacturing Co.* v. *Buck*, 18 Vt., 238 ; *Hickok & Catlin* v. *L. M. Stevens & Co.*, 18 Vt., 111 ; *Gallup* v. *Wallace*, 21 Vt., 508, note at bottom of page.

*Timothy P. Redfield* and *Charles I. Vail*, for the defendant.

The case shows that if the defendant is liable at all, it is in an action sounding in tort, and not in assumpsit.   *Peach* v. *Mills*, 14 Vt., 371 ; *Blanchard* v. *Butterfield*, 12 Vt., 451 ; *Center Turnpike Co.* v. *Smith*, 12 Vt., 212.   There was no promise or contract on the part of the defendant to pay for the watch.   *Center Turnpike Co.* v. *Smith*, 12 Vt., 212 ; *McCrillis* v. *Banks et ux.*, 19 Vt., 442.   The defendant never received any money for the watch, therefore an action for money had and received can not be maintained.   *Stearns* v. *Dillingham*, 22 Vt., 624 ; 1 Chitty's Pl., 86.   The fartherst that the doctrine of waiving the tort and sueing in assumpsit has been carried in Vermont, is when the property taken has been converted into money by the defendant, which is not this case.   *Scott* v. *Lance*, 21 Vt., 507 ; *Center Turnpike Co.* v. *Smith*, 12 Vt., 212.   The doctrine running through all the reported cases in Vermont is that property tortiously taken or used, should be converted into money in order to waive the tort and sue in assumpsit.   *Phelps et al.* v. *Conant et al.*, 30 Vt., 277 ; *Elwell* v. *Martin and trustee*, 32 Vt., 217.

The opinion of the court was delivered by

PROUT, J.   This is an action of assumpsit, the declaration containing only the common counts.   The question is whether the de-

fendant is liable on the facts, as upon an implied promise to pay for the watch in controversy. The exceptions contain a meagre statement of the case, disclosing merely that the plaintiff pawned or pledged the watch to secure the payment of a debt he was owing ; that the defendant obtained the possession of it in right of the pawnee or pledgee, and sold it before he had a right for a harness, receiving no money in fact for either. Upon these facts, on the defendant's objection, the county court held that the plaintiff could not recover. Under this ruling the plaintiff became non-suit with liberty to except.

Although the watch may not have been wrongfully *taken* by the defendant, he acquiring the possession in right of the creditor having a lien upon it, yet he wrongfully misappropriated or converted it by selling it, as if he was the absolute owner, for a harness. From the condition of the title and nature of the lien upon the watch, the defendant could acquire only the right and interest of the creditor or pawnee, who, as the case finds, had no right to sell it at the time it was sold, and thus defeat the plaintiff's right to a return of the specific article on payment of the claim for which it was pledged. It was held subject to this right as well as for purposes of security, and the relation of the parties in respect to the pledge was that of bailor and bailee in some sense. The pledgee or bailee having no right to sell the watch, as the case finds he did, the general owner may maintain trover, and in that action recover according to the value of his interest in the article, as the sale was wrongful and tortious. Sedgwick on Damages, 482. *Jarvis* v. *Rogers*, 15 Mass., 388 ; *Stearns* v. *Marsh*, 4 Denio, 227 ; *Morrill* v. *Moulton*, 40 Vt., 242.

This is apparent from the facts as well as from the nature of the legal remedy adapted to the injury, and which is open to the plaintiff. He puts his case upon this ground. The defendant claims that he acted upon a supposed right (which does not appear, and which, if it did, can not affect the question,) to treat the watch as his own property, and that he was not a *tort feasor*. The case then comes to the question suggested by BENNETT, J., in *Stearns* v. *Dillingham*, 22 Vt., 624, whether the plaintiff "can of his own mere motion waive the tort and sue in assumpsit" for the watch.

Upon this question we do not question the general rule, that the owner of property wrongfully converted into money, may waive the tort and seek his remedy in assumpsit. That is settled in numerous cases. The principle rests upon the ground of a subsequent implied assent of the parties "to treat the matter as resting in contract, which has relation to the time the goods or property was taken and wrongfully converted, and in legal effect amounts to a sale at the request of the defendant." *Stearns* v. *Dillingham, supra.* But there must be a conversion of the property into money or its equivalent. What then is money had and received or its equivalent in a legal sense ? A solution of this question determines the case, and it is determined mainly by adjudicated cases.

The earliest case reported in this state that has come to our notice relating to the subject is *Burnap* v. *Partridge*, 3 Vt., 144. That was an action of assumpsit, and stood for determination upon the counts for money had and received. WILLIAMS, late C. J., gave the opinion, and in the course of it he remarks : " To support an action for money had and received, it must in all cases be made to appear that the defendant has actually received money to the use of the plaintiff, or that he has received that which *he* considered as equivalent thereto and accounted for it as such." Again, "the receipt of the money may sometimes be presumed. Thus when other property has been received which is saleable, if it is not otherwise accounted for, the receipt of the money for the value of it may be presumed.      *      *      *      It is only declaring what may be evidence of this receipt." It is obvious from this language that the Judge in stating the qualification of the general rule he had laid down, and which he takes occasion to say " does not militate against the principle, that money must actually have been received," refers to a matter of fact and not of law as the test. In the case put of the receipt of money or its equivalent, to charge the party on the latter ground, it must appear that he received that which was *considered* as equivalent to money and *accounted* for it as such. What is remarked by the same learned Judge in *Flower Brook Manufacturing Co.* v. *Buck*, 18 Vt., 238, is entirely consistent with this view. The controversy

in that case, which was an action on book, was in relation to some cloth manufactured by the plaintiff from wool furnished by the defendant, and for him, but which the plaintiff had not delivered. The judge says " the creditor was correct in his view of the case. The cloth was demanded and was not delivered ; it has not been offered to the defendant, and there is no evidence that the plaintiff had it on hand, set apart and designated for him. The auditor therefore might with propriety consider that the *plaintiffs had appropriated the avails* of the cloth to their own use, either by sale or otherwise, and held them accountable" for the value or avails of the same, and upon this ground of inference of fact the court make the plaintiffs accountable. The question was again before the court in *Scott* v. *Lance*, 21 Vt., 507, which was also an action on book. The items in dispute in that case were several charges for manure. The defendant had given the plaintiff permission to draw away six loads and no more, but more were drawn away without consent or permission, as the case finds, under a pretended claim of right to it by the plaintiff as his own property. The auditor found the plaintiff's claim to it unfounded, and the question was whether the defendant could be allowed in that action for the manure thus taken by the plaintiff. Upon the question the comments of POLAND, J., who gave the opinion, are to the purpose. He says the plaintiff's act seems to have been a direct tort, " for which the defendant's appropriate legal remedy would have been an action of trespass or trover." In that case it was urged, as in this, that it was permissible for the defendant to waive the tort and recover on an implied promise, but he says, " We do not understand this doctrine of waiving torts and sueing in assumpsit ever to have been carried to this extent in this state. The farthest it has gone, has been, to allow the owner of property, when it has been tortiously taken and converted into money, to maintain assumpsit for money had and received, against the wrong doer ; and this is founded mainly, as we think, upon the equitable ground which is said to be the foundation of that action ;" that the defendant has money in his hands, which in equity belongs to the plaintiff. To carry the doctrine to the extent claimed would abolish all distinction between actions *ex delicto* and *ex contractu,*

and we do not see any necessity for so wide a departure from what we deem to be the settled law upon the subject." This case is followed by *Stearns* v. *Dillingham, supra,* in which BENNETT, J., says the law is too well settled to admit of discussion, and states the general rule in nearly the same terms, and so does REDFIELD, C. J., in *Phelps et al.* v. *Conant et al.,* 30 Vt., 277, and ALDIS, J., in *Elwell* v. *Martin and trustee,* 32 Vt., 217. The question was again before the court, as involved in the action on book in *Drury* v. *Douglas,* 35 Vt., 474. The struggle in that case related to some money delivered the defendant by the plaintiff to carry to another, but which he did not. ALDIS, J., who gave the opinion, says the neglect or refusal to carry was a tort pure and simple. To hold that he could recover it on book " would be going quite beyond precedents (and they have gone quite as far in this direction as it is wise and safe to go) and would break down the distinction between forms of actions, between torts and contracts ; a distinction existing in the relation of things, as well as in the artificial rules of pleading." This reasoning applies with equal pertinency and force in the present case, as there is no more reason why the distinction alluded to should be disregarded in the action of general assumpsit than in the action on book, the ground of recovery in both being *ex contractu.* See also *Gilmore et al.* v. *Wilbur et al.,* 12 Pick. 120.

The doubt in relation to the question arises from the indefinite language used in expressing the rule found in the cases. As expressed, it is, that money or *its equivalent* must have been received by the defendant in order to maintain the action. But another class of cases often before the court indicate the sense and application of this language. When a party has received a promissory note or negotiable paper for property wrongfully taken and converted, or when property has been received in satisfaction of a money demand, in a legal sense it is equivalent to money ; as illustrated in cases arising in favor of sureties against their principals, or as between co-sureties to compel a contribution. And when property has been disposed of at a fixed price, or was purchased for the purpose of selling again, and a sufficient time has elapsed to accomplish that purpose and it is not otherwise accoun-

ted for, it might perhaps be treated as equivalent to money. *Shepard* v. *Palmer*, 6 Conn., 94 ; 2 Greenleaf Ev. § 118. But these cases stand upon ground peculiar to their special facts, and are rather exceptional than otherwise. The present case does not fall within the principle of that class of cases, but standing upon its naked facts, unaided by any pretence or inference that the defendant has received money for the watch, or that its sale for the harness was considered by the parties as resting in contract or consent, the judgment of the county court should be affirmed.