DAVIS & HARDIN v. JAMES WRIGLEY.

(No. 510, Tex. L. J., vol. 2, p. 538.)

APPEAL from Liberty County. Opinion by WINKLER, J.

§ 730. *The transfer of a note secured by lien carries
with it the lien also.* The transfer of a note, secured by
lien on property to secure its payment, conveys with the
note the lien also. [White, Smith & Baldwin v. Downs,
40 Tex. 225.]

§ 731. *Collateral securities are not affected by the
note's becoming barred by limitation.* It is urged that
limitation bars a right to recovery on the note, and that
therefore the securities can no longer be held as a pledge.
The authorities are against this position. In an action

for the conversion of stocks pledged to secure a loan admitted not to have been paid, it was said: "Statutes of limitation affect only the remedy, not the right, and, except as defenses to actions against the person, only create a presumption of payment of the money demand, and may be rebutted like any other evidence thereof." [Jones v. Merchants' Bank, 4 Robertson (N. Y. Superior Court), 221.] But when one retains a chattel pledged for a debt, after the amount of the debt has been tendered, the owner can only recover in damages the value of the chattel after deducting the amount of the debt. [Jarvis, Adm'r, v. Rogers, 15 Mass. 388.].

The maker of a promissory note cannot recover back choses in action pledged by him as security for its payment with the holder, simply when, and because, an action upon such note is barred by the statute of limitations. If the note was originally obligatory, nothing short of actual payment or tender of it will enable him to do so. An obligation is not extinguished for all purposes, though suit be not brought on it within the period fixed by the statute. [6 Robinson (N. Y. Sup. Ct.), 162; Bulkeley v. Welch, 31 Conn. 339.] In an action by the pledgor against the pledgee for conversion, the latter may recover the amount of the debt. [Story on Bailments (5th ed.), § 327, vol. 2; Brightman v. Reeves, 21 Tex. 70.]

March 28, 1879.        Reversed and rendered.